**BUSS et al. v. SMITH.**

No. 3790.

Court of Civil Appeals of Texas. El Paso.

Feb. 2, 1939.

Rehearing Denied Feb. 23, 1939.

Griffin & Kimbrough, of McAllen, and Leroy H. Buss, of Weslaco, for appellants.

S. N. McWhorter, of Weslaco, for appellee.

WALTHALL, Justice.

Appellants, Ruth Elizabeth Buss, joined pro forma by her husband, Leroy H. Buss, Katherine Wall, joined pro forma by her husband, T. A. Wall, Jr., and Rosemary Hall, joined pro forma by her husband, G. M. Hall, brought this suit in trespass to try title to and for possession of two tracts of land situated in Hidalgo County, Texas, and fully described in the petition. The suit was brought against appellee, C. K. Smith, his wife, Margaret P. Smith, and others.

Appellants were each and all children, and the only children and heirs at law, of Mrs. Mary Rives, deceased, who died in Hidalgo County, Texas, on August 28, 1924.

Appellants alleged that at the time of the death of their mother, Mrs. Mary Rives, she was the owner of the land sued

for in their suit, owning the land in fee simple, and in her own separate and individual right and estate.

Thomas F. Rives is the surviving husband of his deceased wife, Mrs. Mary Rives, and father of appellants Ruth Elizabeth Buss, Katherine Wall and Rosemary Hall. Mrs. Mary Rives died intestate and appellants allege they became the owners in fee of the land upon the death of their mother, subject to a life estate of their father, or his vendees, in and to one-third of the land.

There was no administration upon the separate estate of Mrs. Mary Rives, and none was necessary.

Appellants prayed for title and possession of the land, subject only to the life estate, as above, of their father, Thomas F. Rives, or his vendees, and for all other relief.

On March 22, 1924, Mrs. Mary Rives, during her marital relations with Thomas F. Rives, acquired by two separate deeds, executed by J. S. Moore and wife, the two tracts of land involved here. In each of the two deeds the following recitation appears: "For and in consideration of the sum of Twenty two Hundred Twelve and 50/100 ($2212.50) Dollars, to us in hand paid and secured to be paid by Mrs. Mary Rives, out of her own separate property, funds and estate, as follows: The sum of seven hundred thirty seven and 50/100 ($737.50) Dollars in cash, the receipt of which is hereby confessed and acknowledged, and the balance of said consideration, to-wit: the sum of fourteen hundred seventy-five ($1475.00) Dollars is represented by five (5) promissory vendor's lien notes, in the principal sum of two hundred ninety-five ($295.00) dollars each, executed by the grantee herein." The granting clause in the deed conveyed the land to Mrs. Mary Rives without stating that the lands conveyed were to be her separate property and estate.

Each of the two deeds was filed for record in Hidalgo County on March 24, 1924, and recorded. In addition to the above recitation in the deeds Thomas F. Rives testified that the money paid for the land conveyed to Mrs. Mary Rives by the deeds, was her separate property, and stated the source from which she received the money. The facts are not controverted. Mrs. Mary Rives had never disposed of or sold the lands to anybody.

On October 27, 1924, Thomas F. Rives, the surviving husband, applied to the County Probate Court of Hidalgo County, Texas, for appointment as Community Administrator of the community estate of himself and the deceased, Mrs. Mary Rives, describing in the application lands out of which the land involved in this litigation is carved. On the date of the application the court appointed appraisers, and later, on supplemental petition, for reasons stated, on May 11, 1925, appointed new appraisers.

On May 25, 1925, Thomas F. Rives, as community administrator, filed in the court his inventory of the community estate and the appraisement, made under oath, listing the property in question as community property. On the last stated date he filed his administrator's bond in the required amount which was approved by the court. On the same day the court entered the following order: "And the said Thomas F. Rives, as survivor of said community estate, is hereby authorized to control, manage and dispose of said community estate in accordance with the provisions of the Revised Statutes of this State."

On August 31, 1926, Thomas F. Rives, as community administrator, and especially referring to his authority given by the court's order as above, conveyed by general warranty deed to Guy R. James, defendant's (appellee's) predecessor in title, for $195 per acre cash, the land in controversy. The former vendor's lien notes referred to above and executed by Mrs. Mary Rives in part consideration for the land were discharged in 1924 with community funds.

Appellee pleaded the three, four, five and ten years statutes of limitation, and the matters above stated as to the community administration of the estate of Rives and wife.

The case was tried without a jury. The trial court made no findings of fact, and rendered judgment that appellants take nothing, and that appellee, C. K. Smith, in his cross-action recover the property described.

## Opinion.

The record does not show on what theory or facts the trial court rendered the judgment. Appellee's title to the land in controversy, however, rests wholly in the probate proceedings stated above. We think the evidence clearly shows that the lands in controversy were the separate

property of Mrs. Mary Rives at the time of her death, subject to the life estate of Thomas F. Rives, or his vendees, in and to one-third of the lands.

The contention appellants make to the probate proceedings is that when the property was listed as community property, and approved by the court as community property of Mrs. Mary Rives and her husband, Thomas F. Rives, the property then being the separate property of the wife, the Probate Court was without jurisdiction over the subject matter and the proceedings were void as to the separate property of Mrs. Mary Rives, the property involved in this suit, and for that reason the jurisdiction of the Probate Court may be attacked as was done in this suit. We concur in that contention. Property takes its status as separate or community at the time of its acquisition. Lusk v. Parmer, Tex.Civ.App., 87 S.W.2d 790, 791.

The evidence shows that appellee, C. K. Smith, acquired his interest in the land some two years after the deeds to Mrs. Mary Rives had been recorded. Both appellee and his predecessor in title to the land, G. R. James, had the abstract of title to the land examined by an attorney of their selection, so that they could not be innocent purchasers for value without notice and knowledge of the ownership as the separate property of Mrs. Mary Rives.

The record shows without question that Thomas F. Rives did not turn over to or pay to appellants, or either of them, any of the proceeds from the sale made by him of the land in controversy.

It seems to us that the only question remaining to be considered is whether the proceedings had in Probate Court, as above stated, had the effect to pass the title to the separate property of Mrs. Mary Rives to Thomas F. Rives, as community administrator of the estate, and from whom appellee received title; and whether appellants could question appellee's title in the way as it was done in this suit.

It has long been the settled law in this State that probate courts are courts of general jurisdiction in all matters relating to the administration of estates of deceased persons. Their judgments can only be attacked in a collateral proceeding when the record affirmatively shows that the court had no jurisdiction of the subject matter, or that the jurisdiction did not

attach in the particular matter attempted to be adjudicated.

However, as was said in Murchison v. White, 54 Tex. 78, 82, "If * * * from the record itself, it should affirmatively appear, either that the court did not have jurisdiction of the subject matter, or of the person, in a case where this was also required, or that the jurisdiction had not attached in the particular case, then the question can be raised upon objection to the record when offered in evidence, and no affirmative proceeding need be prosecuted to vacate it. Being a nullity upon its face, it could not legally be invoked against those whose just rights were sought to be affected by it."

When acting as such, the district court possesses, and may exercise, all the powers conferred upon the county court, but its jurisdiction is precisely the same as that of the county court, no greater, nor no less. Bradley v. Love, 60 Tex. 472, 475.

It is provided in the Constitution of this State that the district court alone has jurisdiction of all suits for the trial of title to land, and for the enforcement of liens thereon. Article 5, Sec. 8, Vernon's Ann. St.Const.

As said by the Court in the above Bradley v. Love case, from which we have so largely quoted: "If, then, the proceeding instituted in the probate court had for its object the trial of the title to the land in controversy (and such was the result of the proceeding), and it thus affirmatively appears from the record, then no argument is necessary to establish that the court had no jurisdiction, and the adjudication was a nullity, and subject to collateral attack."

The record shows that the County Court appointed Thomas F. Rives community administrator of the estate, and he acted in no other capacity. The deed he made to the land involved was executed as community administrator and under the authority given by the County Court in the community administration of the estate.

The record shows that at the time of the administration of the estate the appellants were minors; they were in no way parties to the proceedings and the uncontradicted evidence shows they received no benefit from the sale or disposition of their property.

We are of the opinion that the estate of appellants cannot lawfully be adminis-

tered upon and disposed of by the administrator of another estate, as was done in this case. We have concluded that the Probate Court, by reason of uncontroverted facts in the record, was without jurisdiction of the subject matter of the suit. The case of Vivion v. Nicholson, 54 Tex.Civ. App. 43, 116 S.W. 386, is similar in its facts to many of the facts of this case and to it we refer without quoting therefrom.

The case is reversed and judgment is here rendered in favor of appellants for their interests in the lands involved in the suit.

Reversed and judgment rendered.