C. K. SMITH ET AL V. RUTH ELIZABETH BUSS ET AL.

No. 7568. Decided November 13, 1940.
Rehearing overruled December 31, 1940.
(144 S. W., 2d Series, 529.)

*S. N. McWhorter,* of Weslaco, for plaintiff in error.

The Court of Civil Appeals erred in finding that the property in question was the separate property of the mother, Mrs. Rives, deceased, at the time of her death, and by so doing ignored the finding of the trial court that such property was community property of herself and her husband. Ireland v. Abbott, 234 S. W. 552; Saylor v. Saylor, 20 S. W. (2d) 229; Marshburn v. Stewart, 113 Texas 507, 260 S. W. 565.

*Griffin & Kimbrough,* of McAllen, for defendants in error.

Since the deed to the property involved conveyed the land to Mrs. Mary Rives, and recited that the consideration was paid out of "her separate funds, property and estate," and there was no evidence of any attempt to defraud creditors, the property was the separate property of Mrs. Rives, until the day of her death. Ferguson v. Kuehn, 246 S. W. 674; Stiles v. Hawkins, 207 S. W. 89; Luck v. Palmer, 87 S. W. (2d) 790.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in the District Court of Hidalgo County, Texas, by Ruth Elizabeth Buss, joined pro forma by her husband, Leroy H. Buss, Katherine Wall, joined pro forma by her husband, T. A. Wall, Jr., and Rosemary Hall, joined pro forma by her husband, G. M. Hall, against C. K. Smith and his wife and several others to recover title and possession of certain land in Hidalgo County, Texas, described in the petition as follows:

"The South Ten (10) acres of Farm Tract No. Seven Hundred Twenty-Seven (727) of the West Tract Subdivision of lands out of the Llano Grande Grant, Hidalgo County, Texas, as per map or plat thereof on record in the office of the County Clerk of Hidalgo County, Texas, to which reference is here made."

It is alleged in the plaintiffs' petition that they owned the fee simple title to the above-described land, except that their father, Thomas F. Rives, and his grantees and assigns own a life estate in an undivided one-third thereof. We shall not attempt to detail the pleading. It is enough to say that we treat them as sufficient to raise the questions of law which we shall discuss and decide.

Plaintiffs in the district court claimed title to this land as children and heirs at law of their mother, Mrs. Mary Rives, deceased wife of their father, Thomas F. Rives. The defendants claim title through certain deeds made by Thomas F. Rives acting as qualified community survivor of the community estate of his deceased wife and himself.

On March 22, 1924, J. S. Moore and wife, Elizabeth Moore, by two separate general warranty deeds conveyed to Mrs. Mary Rives two tracts of land out of Farm Tract No. 727 in Hidalgo County, Texas. These two deeds seem to be identical in every particular, except that one purports to convey 15.75 acres of land, and the other 14.75 acres. As we understand this record, the land involved in this suit is part of the land included in one or both of the above two deeds.

In each of the deeds above mentioned, omitting formal parts, it is first recited:

"That I, J. S. Moore, joined herein by my wife, Elizabeth Moore, of the County of Henry and the State of Missouri for and in consideration of the sum of Twenty two Hundred Twelve and 50/100 ($2212.50) Dollars, to us paid and secured to be paid by Mrs. Mary Rives, out of her own separate property, funds and estate, as follows: The sum of Seven Hundred Thirty seven and 50/100 ($737.50) dollars in cash, the receipt of which is hereby confessed and acknowledged, and the balance of said consideration, to-wit: The sum of Fourteen Hundred Seventy five ($1475.00) dollars is represented by Five (5) promissory vendor's lien notes, in the principal sum of Two Hundred Ninety five ($295.00) dollars, each, executed by the Grantee herein and payable to the order of J. S. Moore and Elizabeth Moore, bearing even date herewith and due and

payable in One (1) to Five (5) years after date, respectively, bearing interest at the rate of Six (6%) per cent per annum from date until maturity, and at the rate of Ten (10%) per cent per annum thereafter until paid, providing for the payment of Ten (10%) per cent additional on the amount of principal and interest then due, as attorney's fees, if placed in the hands of an attorney for collection, etc., and further providing that a failure to pay each or any of said notes at maturity will, at the option of the owner and holder thereof, mature all of said notes."

After the above the two deeds proceeded to convey to Mrs. Mary Rives the land described therein in the usual form of a general warranty deed. Nothing is said in the granting, habendum, or warranty clauses about the land being conveyed as the separate property or estate of Mrs. Mary Rives.

On August 28, 1924, Mrs. Mary Rives died, leaving as her only surviving heirs at law her surviving husband, Thomas F. Rives, and the three daughters above named, all then minors.

During the year 1925, after the death of Mary Rives, Thomas F. Rives duly qualified in the County Court of Hidalgo County as community survivor of the community estate of his deceased wife and himself. In such community survivorship proceedings the county court appointed appraisers, and such appraisers, with Thomas F. Rives, returned into court what purported to be an inventory and appraisement of the community estate of Mary Rives, deceased, and her surviving husband. Among the items of property so inventoried and appraised were the two tracts of land conveyed to Mrs. Mary Rives by the two deeds executed by J. S. Moore and wife, supra. Such inventory and appraisement was duly approved by the county court. After qualifying as community survivor Thomas F. Rives sold the land here involved. In making such conveyance he acted for himself and as community survivor of the community estate.

■ We shall not attempt to trace the title of the various defendants. It is enough to say that if the deed of Thomas F. Rives operated to convey the title, they should recover, and the judgment of the district court should be affirmed; if it did not, plaintiffs should recover, and the judgment of the Court of Civil Appeals should be affirmed. If the land was the community property of Thomas F. Rives and his deceased wife, his deed conveyed the entire title. If the land was the separate estate of the wife, then her three daughters, as her heirs, succeeded to her title, except the surviving husband succeeded to a life estate in one-third thereof. Art. 2571, R. C. S. 1925. Of

course, all property acquired by either the husband or the wife during marriage, except that which is the separate property of either, is deemed the community of the husband and wife. Art. 4619, R. C. S. 1925. It follows that even if this land was the separate property of Mary Rives, the deceased wife, still, if the vendee of Thomas F. Rives took without notice of that fact, he took good title. Alexander v. Barton, (Tex. Civ. App.) 71 S. W. 71. In this instance, however, the deed to Mrs. Rives gave notice.

On final trial in the district court judgment was rendered against the plaintiffs, the three daughters of Mrs. Mary Rives, and in favor of those claiming title through the deed of Thomas F. Rives as community survivor. The plaintiffs appealed to the Court of Civil Appeals at San Antonio, but on equalization of the several dockets of such courts, the case was transferred to El Paso. On final hearing in that court the judgment of the district court was reversed, and judgment rendered for the plaintiffs, the three daughters of Mary Rives, deceased. 125 S. W. (2d) 712. The defendants and cross defendants bring error.

As we interpret their petition for writ of error, plaintiffs in error contend that the three daughters of Mrs. Mary Rives cannot recover in this case filed as an original action in the district court because of the proceedings in the County Court of Hidalgo County whereby Thomas F. Rives qualified as the survivor of the community estate of his deceased wife and himself, and wherein this property was inventoried and appraised, and sold as part of the community estate. We are unable to sustain such a contention. If this land was not a part of the community estate, the county court did not have jurisdiction over it. Certainly the county court could not change the ownership of property from separate to community by simply approving an inventory and appraisement to that effect. A different question might arise if Thomas F. Rives should attempt to question such proceeding. No such case as that is presented here.

■ We think that it is the settled law of this State that property acquired during marriage takes its status as separate or community property at the very time of its acquisition. Also, such status is fixed by the facts of its acquisition at the time thereof. Lusk v. Palmer (Tex. Civ. App.), 87 S. W. (2d) 790; Stiles v. Hawkins (Tex. Com. App.), 207 S. W. 89; Gebhart v. Gebhart (Tex. Civ. App.), 61 S. W. 964; Creamer v. Briscoe, 101 Texas 490, 109 S. W. 911, 17 L. R. A. N. S. 154; Speer's Law of Marital Rights in Texas (3d ed.), p. 414, sec. 339.

■ We agree with the holding of the Court of Civil Appeals that the recitals in the deeds from J. S. Moore and wife to Mrs. Mary Rives, above quoted, prima facie constituted the land thereby conveyed the separate property of Mrs. Rives. Each of such deeds recited that the consideration paid, and to be paid, by Mrs. Rives was "out of her own separate property, funds and estate, * *." It is then recited in each deed that $737.50 was paid in cash and $1475.00 was to be "represented by Five (5) * * notes, * *, executed by the Grantee herein * *." The grantee was Mrs. Mary Rives. It thus appears that each of the deeds recited that $737.50 was paid in cash by Mrs. Rives out of her separate property and estate, and that the five notes executed alone by Mrs. Rives were also to be paid out of her separate estate. Such deeds prima facie show that at the very time Mrs. Rives acquired the land thereby conveyed, she took the entire title in her separate right, and not in community. Lusk v. Parmer, supra, and authorities there cited: Speer's Law of Marital Rights in Texas (3d ed.), p. 515, sec. 429, and authorities there cited.

■ Plaintiffs contend that there is evidence contained in this record sufficient, in law, to rebut the prima facie showing contained in the deeds to Mrs. Rives that this land was taken in her separate right. If this record contains any evidence which would make this land community, and not Mrs. Rives' separate property, at the time it was deeded to Mrs. Rives, such evidence is found only in the testimony of Mr. Rives, who was called by, and testified as a witness for, his daughters. Mr. Rives testified, in substance, that several years before the land was deeded to Mrs. Rives, she received several gifts of money; that such money, several years before this land was deeded to Mrs. Rives, was placed in a common bank account subject to his check; that no separate account of such money had been kept; that he conducted the transactions by which this land was purchased and deeded to Mrs. Rives; that the deeds were drawn according to his direction; and that he drew the check for the cash consideration named in the deeds on the common bank account above described. When we consider these facts together with the fact that the deeds recited that the consideration paid, and to be paid, was out of Mrs. Rives' separate estate; that Mrs. Rives alone executed the notes to be paid out of her separate estate, and that the land was deeded to her, we are forced to the conclusion that, as between Mr. and Mrs. Rives, it was intended, at the time of acquisition, that she

should take title in her separate right, and not in community. 23 Tex. Jur., p. 159, sec. 129; Id., p. 161, sec. 131.

Generally speaking, it is the law that a bank account consisting of separate and community funds commingled in such a manner that neither can be distinguished from the other must be regarded as a community account. Saylor v. Saylor, 20 S. W. (2d) 229. In spite of this rule, we think that, as between themselves, the husband and the wife intended this property to become Mrs. Rives' separate estate. It is settled that it frequently happens that in the matters of transfers or conveyances to the wife, the intention of the parties may become of vital importance. Such intention is to be judged by the facts of acquisition. When this transaction is viewed as a whole, there can be no doubt that, at the very time this land was conveyed to Mrs. Rives, Mr. and Mrs. Rives legally intended that she should take in her separate right. If this were a suit between Mr. Rives and his daughters as to who owned this land, there is no doubt but that it would be adjudged the property of the daughters as the heirs of their mother. This being true, Mr. Rives' vendees stand in no better position than he would stand had he never attempted to convey the property away. This is because Mr. Rives' vendees took with full record notice that this land was the separate estate of Mrs. Rives, deceased. Alexander v. Barton, 71 S. W. 71. The deed to Mrs. Rives was on record when Mr. Rives attempted to convey.

It seems that after Mrs. Rives' death the notes executed by her were discharged by the husband with certain property. It seems to be contended that such property was not Mrs. Rives' separate estate. Assuming that to be true, we are unable to see how it could aid the vendees of Mr. Rives. The land, as already shown, took its status as to whom it belonged at the very time it was deeded to Mrs. Rives, and the mere fact that the notes she executed binding her separate estate only were paid after her death out of funds not her separate estate, could not alter the situation, or change the title. Neither would such fact disprove the prima facie title established by the contents of the deeds.

The fact that Mr. Rives took part in having this land inventoried and appraised as community property in the community survivorship proceedings above described, and the further fact that he purported to convey it as community property, under the facts of this record, do not constitute any proof that it was community. Such acts and statements on the part of

Mr. Rives were purely ex parte in so far as the rights of these heirs are concerned. Of course, had Mr. Rives' vendees taken without notice of the fact that this was Mrs. Rives separate property, they would have taken a good title as innocent purchasers.

The judgment of the Court of Civil Appeals, which reverses the judgment of the district court and renders judgment for the defendants in error, is affirmed.

Opinion delivered November 13, 1940.

Rehearing overruled December 31, 1940.