HENRY v. REINLE et al.
No. 3000.

Court of Civil Appeals of Texas. Waco.
Jan. 10, 1952.

Rehearing Denied Feb. 1, 1952.

744

Geo. W. Harwood, Dallas, for appellant.

McKool, McDaniel & Bader, Dallas, for appellees.

HALE, Justice.

Appellant is the surviving widow of Frank Henry who died intestate on January 11, 1949. Appellees are the surviving children of the deceased by a former marriage. This suit was brought by appellees to determine the status of three pieces of real property, hereafter referred to as (1) 2734 Pine Street, (2) Lots 65 and 66 and (3) a three-acre tract, and to effect a partition thereof between appellees and appellant in accordance with the interest owned by each.

The case was tried before a jury and resulted in judgment whereby the court decreed in substance that each of the three pieces of real property involved in the suit belonged to the community estate of appellant and her deceased husband, and ordered a partition thereof in such manner that appellant should receive substantially one-half and each of the appellees one-fourth of the property.

Appellant says the judgment appealed from should be reversed because the verdict and judgment are contrary to the evidence in the case. In her brief, she contends that the undisputed evidence shows "the Pine Street property and the three-acre tract of land were separate property of the appellant at the time of their acquisition; the Pine Street being acquired through a divorce settlement and the three-acre tract being acquired by inheritance. There is no testimony that it was ever the intent of the parties for any of this prop-

erty to become community so the same remained the separate estate of appellant regardless of any loans made thereon, or any existing liens. * * * Under such circumstances, it was error for the lower court to hold that the Pine Street property and the three-acre tract were community property, for all the evidence clearly discloses that these two tracts were the separate property and estate of the appellant, Lulu B. Henry."

▮▮ The Constitution and statutes of this State provide that all property of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, shall be the separate property of the wife. Art. 16, Sec. 15, Const. of Tex., Vernon's Ann.St.; art. 4614, Vernon's Tex.Civ.Stats. It is well settled that the property of a wife takes its status as separate or community property at the time of its acquisition. 23 T.J. p. 128, Sec. 104; Welder v. Lambert, 91 Tex. 510, 44 S.W. 281; Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529. As said by the Supreme Court in the case of Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, 627: "Our decisions hold that where a spouse improves his or her separate property with the funds belonging to the community estate, the other spouse, or his or her heirs, would be entitled to reimbursement out of his or her separate property, to the extent of their share of the community funds so used, and that their claim for such reimbursement is in the nature of a charge upon the property so improved." However, the mere fact that funds belonging to the community estate are used to improve the separate property of a spouse does not in and of itself change the status of the property or convert it into the community estate of the two spouses.

Upon the trial of this case appellees called appellant as the first witness in their behalf. Appellant testified under direct examination by counsel for appellees, among other things, in substance as follows: she was married to M. H. Johnson on September 16, 1902 and was divorced from him on May 15, 1924; at the time of the divorce she and M. H. Johnson owned certain real estate jointly which they had acquired dur-

ing their marriage and she received the 2734 Pine Street property by deed from M. H. Johnson as a part of the settlement of their property rights; she was married to Frank Henry in September of 1926 and thereafter she and her son, Bill Johnson, made certain improvements upon the Pine Street property and paid for the same with their own funds and without any assistance or contributions from Frank Henry or his children; her son, Bill Johnson, acquired the three-acre tract from J. C. Howell by warranty deed dated March 23, 1938, for which he paid $75 in cash and executed a note in the sum of $575 payable in monthly installments of $10 each; her son, Bill Johnson, died on August 6, 1938, after he had made only one monthly payment on the note, and the property passed to her under the will of her son, she having probated the will as a muniment of her title; and that she thereafter paid off the note with her own money and placed valuable improvements upon the three-acre tract, consisting of a seven room house, and paid for such improvements with her own separate funds.

The jury found in response to the special issues submitted that no payments were made out of the earnings of Bill Johnson on any of the property standing in the name of appellant and that none of the separate funds of appellant were used to pay for the construction of the seven room house located on the three-acre tract. The court expressly found in the judgment that "all of the above three tracts of land was and is the community property of Frank Henry, deceased, and this defendant, Lulu B. Henry save and except the sum of $75.00 and one monthly payment of $10.00 made upon the third tract hereinabove described by the son of this defendant, which said sum of $85.00 is the separate property of this defendant."

In our opinion, the trial court erred in finding that each of the three tracts of land involved in this suit was the community property of appellant and her deceased husband, and in rendering judgment ac-cordingly. Appellant was the only witness who testified to any material fact showing or tending to show whether each tract was or was not her separate property at the time of its acquisition. Not only was the testimony of appellant undisputed by any other evidence, but appellees affirmatively alleged in their trial petition that Bill Johnson, the son of appellant, purchased the three-acre tract for $650 with $75 being paid in cash and $575 evidenced by a promissory note and that such property was devised to appellant under the terms of the will of her deceased son. Although no muniment of title relating to any of the property was introduced in evidence by either of the parties to the suit, it was stipulated by their attorneys during the trial that on March 23, 1938 the three-acre tract was conveyed by warranty deed from J. C. Howell and wife to Bill Johnson. Even though the note to Howell might have been discharged or the seven room house constructed with community funds belonging jointly to appellant and Frank Henry, so as to entitle appellees to an accounting and reimbursement for the community funds so used, the three-acre tract of land which passed to appellant by devise from her son did not thereby become changed or converted into the community property of appellant and her deceased husband. Therefore, the finding of the trial court to the effect that the three-acre tract of land was the community property of appellant and her deceased husband, save and except the sum of $85 paid by appellant's son, is not only without any support in the evidence but is at variance with the pleadings of appellees and is contrary to the undisputed evidence and the stipulation of the parties to the suit. Such erroneous finding and judgment doubtless resulted from a misconception of the applicable law.

Accordingly, the judgment appealed from is reversed and the cause is remanded to the court below for another trial not inconsistent with the views herein expressed.

LESTER, C. J., took no part in the disposition of this cause.