Antonia Frias **TORRES, Appellant,**

v.

**Raul TORRES, Independent Executor of the Estate of Jesus Gonzalez Torres, Deceased, Appellee.**

No. 6134.

Court of Civil Appeals of Texas,
El Paso.

Dec. 30, 1970.

Galvan & Galvan, Frank J. Galvan, Jr., El Paso, for appellant.

Paxson & Santiesteban, Sam M. Paxson, H. Tati Santiesteban, Marshall I. Yaker, El Paso, for appellee.

WARD, Justice.

OPINION

This appeal is from a judgment of a district court of El Paso County holding in effect that the order of County Court at Law No. One of El Paso County, sitting as a probate court, was void, wherein it ordered the Independent Executor of the Estate of Jesus Gonzalez Torres to withdraw the home and property at 5409 Daly Street, in El Paso, from further administration and surrender its possession to the appellant and her minor son for their exclusive use and benefit as their homestead. We affirm the judgment of the district court.

For the purposes of this appeal, the facts are that in 1961 the first wife of Jesus Gonzalez Torres died intestate leaving surviving her the said husband and five children, and no administration was had on the wife's estate. At the time of her death the community property consisted of the property in dispute, and the same was undoubtedly the homestead of that first marriage. Jesus Gonzalez Torres continued to reside therein. In 1963 he married the appellant and thereafter adopted the appellant's child who, to this day, is still a minor. They resided with him in the house in question until his death. Jesus Gonzalez Torres left a will, which has been probated, whereby the property in question was left to two sons of his first marriage, Raul and Roberto Torres. In the will Raul Torres was appointed and is presently the qualified independent executor of the estate. Thereafter, the second wife, the appellant herein, petitioned the probate court to order the independent executor to surrender possession of the property on Daly Street to her, and to set it aside to her and her minor child for their exclusive use as their home-

stead. After hearing, the probate court ordered the independent executor to withdraw the property from further administration and to surrender possession of the same to the appellant and her minor child as their homestead. The independent executor appealed to the district court of El Paso County which, after trial, held that the probate court was without jurisdiction to enter its order and that the probate court order was void.

The troublesome problem is again presented as to the extent the probate court can exercise its control over the independent executor. Prior to the 1955 revision of the Probate Code, it was held that the probate court was without jurisdiction to control the independent executor in acts relating to the settlement of the estate, including such matters as related to the adjustment and payment of debts against the estate, the sale of property for the payment of debts against the estate, and the distribution of the estate to the distributees after administration was completed. Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892 (1898), modified on rehearing, 92 Tex. 357, 49 S.W. 367 (1899). It was further held that the probate court had no jurisdiction, after the estate came under the control of the independent executor, to enter its order setting aside the homestead and making allowances. Haby v. Fuos, 25 S.W. 1121 (Tex. Civ.App.1894). And it was the rule that the power to pass on the homestead claim where there was an independent executor vested only in the district court by a direct proceeding. Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980 (1933). The amendments to sections 3(aa) and 145, Texas Probate Code 1955, V.A.T.S., which were made in 1957, further limited the power of the probate court to control the independent executor. Thus, the test as now applied, in Bell v. Still, 389 S.W.2d 605 (Tex.Civ.App.1965, affirmed by Supreme Court in 403 S.W.2d 353), requires that before probate control over the independent executor can exist, it must be determined that a probate statute will apply to an independent executor only if: (1) the statute relates to some matter other than the settlement of the estate, and (2) the statute in question "specifically and explicitly" is made applicable to the independent executor. Not only is the earlier requirement contained in No. 1 still in effect, but, as stated, the probate control of the independent executor is further limited by the new requirement that a statute exists that is specifically and explicitly made applicable to the independent executor. We find no such statute regarding our facts. We hold that the probate court does not have jurisdiction to withdraw the alleged homestead from the administration of the estate of Jesus Gonzalez Torres and require the independent executor to deliver its exclusive possession to the second family. Hutcherson v. Hutcherson, 135 S.W.2d 757 (Tex. Civ.App., Galveston 1939, writ refused); Woodward, 37 Tex.Law Rev. 828; 45 Tex. Law Rev. 352; 21 Baylor Law Review 264. The probate court being without jurisdiction in the matter, the district court had none on appeal, and the district court correctly dismissed the cause for lack of jurisdiction. Gonzalez v. Gonzalez, 309 S. W.2d 111 (Tex.Civ.App., Ft.Worth 1958, no writ).

Due to our disposition of the case, we do not pass on the appellant's second point, as to the rights of the second wife, but do refer to Simpkins Administration of Estates in Texas, pages 240 and 250.

The judgment of the District Court is affirmed.