Eunice BRYAN, Appellant,

v.

Louis BRYAN, Independent Executor of the Estate of W. C. Bryan, Deceased, Appellee.

No. 8204.

Court of Civil Appeals of Texas, Amarillo.

Feb. 22, 1972.

Rehearing Denied March 20, 1972.

Gene E. Steed, Perryton, for appellant.

Allen, Allen & Gaines, Bruce E. Julian, Perryton, for appellee.

ELLIS, Chief Justice.

This is an appeal from a judgment rendered by a district court sitting as an appellate probate court in a trial de novo. The judgment denied certain claims made by the appellant, Eunice Bryan, concerning property held by the independent executor of the estate of her deceased husband. The appellee, Louis Bryan, Independent Executor of the Estate of W. C. Bryan, deceased husband of appellant-claimant, filed his motion to dismiss this appeal on the grounds that the county and district courts had no probate jurisdiction to approve or deny the appellant's claims with regard to this estate which is represented by an independent executor.

Judgment reversed and cause dismissed.

Louis Bryan, appellee, was named as Independent Executor of the estate in the Last Will and Testament of W. C. Bryan, Deceased. The will was admitted to probate and Louis Bryan was duly qualified as Independent Executor of the Estate. On July 23, 1970, Louis Bryan, in his capacity as Independent Executor, filed the Inventory, Appraisement and List of Claims of the estate in the County Court of Ochiltree County. Subsequent to the issuance of Letters Testamentary to Louis Bryan as Independent Executor of the estate, Eunice Bryan filed applications in the county for a widow's allowance for a period of one year, allowances in lieu of homestead and certain exempt property, and for declaration that certain property listed in the Inventory as separate property of the deceased be designated as community property of herself and her deceased husband.

After a hearing on the applications, the county court ordered the Independent Executor to make certain cash payments to Eunice Bryan in lieu of widow's allowance and exempt items but denied the application for allowance in lieu of homestead. Also, the county court declared certain property listed in the Inventory as separate property of the deceased to be community property of appellant and her deceased husband. An appeal from the county court was taken to the district court resulting in a trial de novo without a jury. The judgment of the district court denied the appellant's claims for the widow's allowance and for allowances in lieu of homestead and other exempt property. Also, the court denied her claim for alleged community interest in certain property previously designated in the Inventory as separate property of the deceased husband and for designation of her community interest in property received by the Estate since the husband's death. From the judgment of the district court, appellant brought appeal to this court upon forty-five assignments of error. Appellee has responded with nine counterpoints.

Subsequent to the filing of the briefs by the respective parties, appellee filed his Motion to Dismiss the Appeal, which was vigorously contested by appellant's answer. The Motion to Dismiss the Appeal was heard by this court at time of the submission of the appeal of this cause on its merits.

At the outset of consideration, after an overview of the record and appellate briefs, along with the subsequently filed Motion to Dismiss the Appeal and briefs relating thereto, we are confronted with the fundamental questions of jurisdiction raised by the Motion to Dismiss the Appeal. Accordingly, we have assigned priority of consideration to the jurisdictional questions presented.

Appellee, the Independent Executor, contends that when an estate is represented by an independent executor, as in this case, the county court has no jurisdiction to approve or deny the application for widow's allowance, and allowances in lieu of other exempt property. Appellee further insists that the county court has no jurisdiction to make any determination as to whether the property listed in the Inventory was separate or community property, and that any determination of the community or separate status of the property involves questions of title over which the county court, sitting in probate, has no jurisdiction. Also, appellee insists that since the county court was without jurisdiction to determine the claims for allowances and exemptions and the status of title to property listed in the Inventory, and of property received by the Estate since the filing of the Inventory, the district court, in its appellate capacity, had no jurisdiction over these matters, because its jurisdiction on appeal is limited to the trial of those matters raised in the county court sitting in probate. By reason of this lack of jurisdiction over such probate matters by the county and district courts, the appellee urges that the appeal to this court should be dismissed.

The appellant has challenged the appellee's contentions, and takes the position that the probate court is authorized by the probate code to set aside exempt property for the widow; that the probate court was not called upon to determine title to property; and that since appellee's claim of lack of jurisdiction was not previously raised in the county or district court, he is not now permitted to raise the question in this appeal.

Section 145 of the Texas Probate Code provides:

". . . When such will has been probated, and the inventory, appraisement and list aforesaid has been filed by the executor and approved by the court, as long as the estate is represented by an independent executor, further action of any nature shall not be had in the court except where this Code *specifically and explicitly* provides for some action in the court." (Emphasis added)

Section 3(aa) of the Code [1] provides:

" 'Personal representative' or 'Representative' includes executor, independent executor, . . . together with their successors. *The Inclusion of independent executors herein shall not be held to subject such representatives to control of the courts in probate matters with respect to settlement of estates except as expressly provided by law.*" (Emphasis added)

Section 286 of the Probate Code provides that immediately after approval of the inventory, the court shall fix a family allowance for the support of the widow and minor children. Section 273 provides that under prescribed circumstances the court shall make reasonable allowance in lieu of homestead and exempt property. Neither Section 286 nor 273 contain any provision specifically making Independent Executors subject to the action of the probate court with regard to such allowances.

Section 146 of the Code provides:

"An independent executor, in his administration of an estate, although free from the control of the court, shall nevertheless, independently of and without application to, or any action in or by the court, . . . set aside and deliver to those entitled thereto exempt property and allowances for support, and in lieu of homestead as prescribed in this Code, to the same extent and result as if his actions had been accomplished in, and under orders of, the court."

The above quoted or mentioned provisions of the Texas Probate Code include all of the statutory provisions pertinent to the matter of allowances involved herein.

In order to determine the power of the probate court to control a duly qualified Independent Executor, we look to the now established rule requiring that before a probate court has any control over an independent executor, it must be determined that the statute in question relates to some matter other than the settlement of the estate and that such statute "specifically and explicitly" is made applicable to an independent executor. Bell v. Still, 403 S.W.2d 353 (Tex.Sup.1966), affirming 389 S.W.2d 605 (Tex.Civ.App.—Waco 1965); Torres v. Torres, 462 S.W.2d 423 (Tex.Civ.App.—El Paso 1970, no writ). We find no probate statute dealing with the matters of the widow's allowance or allowances in lieu of homestead or exempt property which "specifically and explicitly" are made applicable to estates administered by an independent executor.

Appellant seeks to distinguish the instant case from various cases cited in appellee's brief tending to support the proposition of lack of jurisdiction of the probate court to consider claims for allowances and exemptions in that the independent executor in the instant case chose to submit to the jurisdiction of both the probate court and the district court. In the case of Marshall v. Hobert's Estate, 315 S.W.2d 604 (Tex.Civ.App.—Eastland 1958, writ ref'd), the independent executor filed an application in the probate court for authority to execute an oil and gas lease upon land belonging to the estate. In that case the Court of Civil Appeals held that a statute providing that personal representatives of estates "acting solely under orders of the court" may be authorized to execute oil and gas leases has no application to independent executors and that the probate court and the district court on appeal was without jurisdiction to grant the application of the independent executor. Thus, even in a case in which the independent executor not only submitted to but sought to invoke the jurisdiction of the court, in the absence of a statute expressly providing for its application to independent executors, the probate court has no jurisdiction. Appellant further contends that the instant case is distinguishable from other cases advancing the rule insisted upon by appellee in that, in the instant case, the question of lack of jurisdiction was not urged in the

---

1. Sections mentioned are the respectively numbered sections of the Texas Probate Code.

probate court or in the district court. It is well established that jurisdiction cannot be conferred upon a court by acquiescence or failure to object to the court's lack of jurisdiction. Neal v. Beck Funeral Home, 131 S.W.2d 778 (Tex.Civ.App.—Fort Worth 1939, writ dism'd). Likewise, if, in a particular case, jurisdiction does not exist, it may not be waived by the court or a party litigant, and a court without jurisdiction cannot render a valid judgment. Daniel v. Dallas Independent School District, 351 S.W.2d 356 (Tex.Civ.App.—El Paso 1961, writ ref'd n. r. e.); Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079 (1926); Wilkinson v. Wilkinson, 419 S.W.2d 226 (Tex. Civ.App.—Dallas 1967, no writ). It has further been established that as long as the estate remains in the hands and under control of an independent executor, the probate court has no jurisdiction to approve a claim against the estate. Podgoursky v. Frost, 394 S.W.2d 185 (Tex.Civ.App.—San Antonio 1965, writ ref'd n. r. e.); Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954 (1944). In view of the foregoing, we hold that the probate court had no jurisdiction to consider the appellee's claims in question.

We shall next consider the question as to the probate court's jurisdiction to determine whether certain property set forth in the Inventory filed by the Independent Executor was separate property of W. C. Bryan, deceased, or whether a part of the property was the community property of appellee and her deceased husband. It has long been the established rule that the probate court has no jurisdiction to determine conflicting claims between the estate and someone else to specific property. Wise v. O'Malley, 60 Tex. 588 (1884); Zamora v. Gonzalez, 128 S.W.2d 166 (Tex.Civ.App. —San Antonio 1939, writ ref'd). See also, Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529, 531 (1940). The determination of whether particular property is community or separate involves, by its very nature, a question of title which the county court sitting as a probate court had no jurisdiction to determine.

The next proposition for consideration is whether the district court, as an appellate court, in its trial de novo, had jurisdiction to approve or deny the widow's claims for allowances, and, in this particular case, to determine whether certain property is community or separate. The applicable rule is stated in the case of Marshall v. Hobert's Estate, supra, in the following language:

". . . The jurisdiction of the district court, after the appeal, was appellate only and confined to a trial of the issues made in the probate court. . . ."

Appellant insists that since the appellee made no complaint regarding the district court's jurisdiction and submitted himself for the determination of the questions raised (including that of title to property which is clearly within the jurisdiction of the district court), the court would have the inherent power to determine all questions presented. Also, appellant makes the argument that since all matters raised in this litigation were heard by the district court in a trial de novo, it would be insupportable to have a re-trial of the same issues in another proceeding. We reiterate that jurisdiction cannot be conferred upon a court by acquiescence or waiver; further, it is elementary that inherent power can arise only from an already existing jurisdiction. Also, where an appeal has been taken in probate proceedings, trial in the district court must be upon issues which were raised in the county court and *which were within the jurisdiction of the county court*. Allen v. Heuremann, 444 S.W.2d 646 (Tex.Civ.App.—Houston (1st Dist.) 1969, writ ref'd n. r. e.); Buss v. Smith, 125 S.W.2d 712 (Tex.Civ.App.—El Paso 1939, aff'd, 135 Tex. 566, 144 S.W.2d 529 (1940)); Maddox v. Smart, 140 S.W.2d 579 (Tex.Civ.App.—Eastland 1940, writ ref'd); In Re Greathouse's Estate, 184 S. W.2d 317 (Tex.Civ.App.—San Antonio 1944, no writ). In the case of Hallam v. Moore, 126 S.W. 908 (Tex.Civ.App.—1910, writ ref'd), it was held that neither the parties themselves nor the district court

could, after appeal to such court from the judgment of a county court in a suit involving purely probate matters convert the suit into a suit to determine title to property. In that case the court stated that the suit "must remain in the district court the same suit that it was in the county court; for the district court's jurisdiction in the matter is only appellate, and cannot be extended beyond that of the county court." We hold, therefore, that the district court sitting in its appellate capacity in this case was without jurisdiction, since its consideration was limited to issues raised in the county court over which the county court had no jurisdiction.

■ Where the trial court did not have jurisdiction of the case, the Court of Civil Appeals was without jurisdiction of the appeal. Fraley v. County of Hutchinson, 278 S.W.2d 462 (Tex.Civ.App.—Amarillo 1954, no writ), and, in such instance, it is proper that the judgment should be reversed and the cause dismissed. Turnbow v. J. E. Bryant Co., 107 Tex. 563, 181 S.W. 686, 689 (1916). Although the question of jurisdiction was not raised until the filing of the Appellee's Motion to Dismiss the Appeal, the matter of jurisdiction is fundamental in nature and we may not ignore it. Lamka v. Townes, 465 S.W.2d 386 (Tex. Civ.App.—Amarillo 1971, writ ref'd n. r. e.); Fitzgerald v. Browning-Ferris Machinery Co., 49 S.W.2d 489 (Tex.Civ.App. —Waco 1932, writ dism'd). See also McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957).

■ After a careful consideration of the evidence and the statutes and authorities which we deem to be controlling, we hold that since the probate court was without jurisdiction to order the Independent Executor to pay the allowances sought by the appellant or to determine whether certain portions of the property was community or separate, likewise the district court had no such jurisdiction in its appellate capacity. Additionally, since the county and district courts were without such jurisdic-

tion, this court is without jurisdiction of the appeal presented. Appellant insists that the probate statutes involved herein are ambiguous, and, in the event we feel bound by *stare decisis,* the judicial construction heretofore given such statutes should be set aside by this court. Our position regarding the application of the established law to the facts in this particular case can be accurately expressed in the following language recently employed by this court in the case of Metal Structures Corp. v. Plains Textiles, Inc., 470 S.W.2d 93, 99 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.) :

". . . Whatever the equities and inequities may be, our duty is to apply the law to the facts in this case. . . . If the prevailing rule is to be abrogated, it is the exclusive prerogative of our Supreme Court to announce the modification."

In view of our decision that the courts below were without jurisdiction, we hold that this court is without jurisdiction of the appeal presented. Accordingly, the judgment of the district court is reversed and the cause is dismissed.