**Wanda Jean HIGGINS**

v.

**The STATE of Texas.**

**No. 18290.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 20, 1979.

Daniel E. Hollifield, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Tarrant County, and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Pursuant to a sworn application for temporary hospitalization filed by her husband, and following a hearing before the trial court without a jury, Wanda Jean Higgins was committed to the Wichita Falls State Hospital for a period of not more than ninety days.

By her appeal Mrs. Higgins contends that the County Court at Law No. 2 lacked the jurisdiction to hear the application, and that, consequently, the order of commitment is void.

We affirm.

Is the County Court at Law No. 2 of Tarrant County a "probate court" for the purposes of the commitment ordered? If it is, the court had jurisdiction to hear the application for temporary hospitalization of Mrs. Higgins and lawfully issued her commitment order.

The Mental Health Code, Tex.Rev.Civ. Stat.Ann. art. 5547–31 (1958) "Application for Temporary Hospitalization" provides that an application for temporary hospitalization is to be filed in the "county court" of the county in which the person to be committed resides or is found. Tex.Rev. Civ.Stat.Ann. art. 5547–11 (1958) "County Court, Probate Court, . . ." provides that: "[T]he term 'county court' is used in this Code to mean the 'probate court' *or the court having probate jurisdiction . . .*" (Emphasis added.)

Tex.Rev.Civ.Stat.Ann. art. 1970–62.2 (Supp.1978–79), which created the County Court at Law No. 2 of Tarrant County, states in part:

§ 2 "(b) The County Court at Law No. 2 of Tarrant County has the general jurisdiction of a probate court within the limits of Tarrant County, concurrent with the jurisdiction of the County Court of Tarrant County and the Probate Court of Tarrant County in such matters and proceedings. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and habitual drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and habitual drunkards, including the settlement, partition, and distribution of estates of deceased persons, lunacy proceedings and the apprenticing of minors as provided by law."

Art. 1970–62.2 § 2(b) specifically grants the County Court at Law No. 2 of Tarrant County the jurisdiction of a probate court. The second sentence of the section clearly gives the County Court at Law No. 2 of Tarrant County the power to consider an application for temporary hospitalization, and the first sentence of the section provides that the jurisdiction of the Probate Court of Tarrant County and the County Court at Law No. 2 of Tarrant County is to be concurrent.

The County Court at Law No. 2 of Tarrant County ·is a "probate court" or "the

court having probate jurisdiction" within the meaning of Tex.Rev.Civ.Stat.Ann. art. 5547-11 (1958). It has the jurisdiction to issue temporary commitment orders like the one which committed Mrs. Higgins.

SPURLOCK, J., concurs.

SPURLOCK, Justice, concurring.

I concur with the majority in this case. Because of the complexity of the statutes granting jurisdiction to various courts which handle involuntary commitments, and in the statute creating the County Court at Law No. 2 of Tarrant County, it is my opinion that it is necessary for me to clarify the rationale behind this decision.

Pursuant to a sworn Application for Temporary Hospitalization filed by her husband, and following a hearing below before the trial court without a jury, Wanda Jean Higgins was committed to the Wichita Falls State Hospital for a period of not more than ninety days as provided in the Texas Mental Health Code, Tex.Rev.Civ.Stat.Ann., art. 5547-1, et seq. (1976).

By her appeal Mrs. Higgins contends that the County Court at Law No. 2 of Tarrant County is not a "probate court" and therefore lacked the jurisdiction granted by Tex. Rev.Civ.Stat.Ann., art. 1970a-1 (1957) to entertain applications for temporary hospitalization. Consequently, she argues that the order of commitment is void.

Is the County Court at Law No. 2 of Tarrant County a "probate court" and therefore empowered to hear and determine the application for temporary hospitalization? I would answer yes.

Because the court below is a specially created statutory court, the answer to this question requires a careful examination of the Texas Constitution, of the Mental Health Code, of art. 1970a-1 and related laws, and of the statute creating the court whose jurisdiction is challenged, i. e., Tex. Rev.Civ.Stat.Ann. art. 1970-62.2 (Supp.

1978–79). All reasonable intendments are to be indulged in favor of jurisdiction. *Reinarz v. Griner*, 401 S.W.2d 274 (Tex.Civ. App.—Austin, 1966, no writ).

The judiciary provisions of the Constitution create two types of trial courts (district and county) with distinct jurisdictions in civil, criminal and probate matters. Tex. Const. art. V, §§ 1, 8, 16. The Legislature is also empowered to create other courts sharing these jurisdictions. Tex.Const. art. V, § 1. Tarrant County Court at Law No. 2 is such a court[1] and has civil jurisdiction limited by amount in controversy to $5,000.00. It has "the general jurisdiction of a probate court". Tex.Rev.Civ.Stat.Ann. art. 1970–62.2 (Supp.1978–79).

In addition to these grants of authority the Constitution gives the Legislature the power to provide that the "County Court" may commit mentally ill persons for a period of not more than ninety days. Tex. Const. art. I, § 15. This is a jurisdictional grant independent of those in Art. V of the Constitution. It is the basis for the commitment provisions of the Mental Health Code. *Ex Parte Giannatti*, 189 S.W.2d 191 (Tex.Civ.App.—San Antonio 1945, no writ). Tex.Rev.Civ.Stat.Ann. art. 5547-31 (Supp. 1978–79) provides that an application for temporary hospitalization be filed "with the county court".

Tex.Rev.Civ.Stat.Ann. art. 5547-11 (1957) defines "county court" as including "[t]he 'probate court' or the court having probate jurisdiction". However, this is a definition, not a grant of authority. The grant of mental illness jurisdiction occurs in two places, in art. 5547-31 to the constitutional county courts, *and* in art. 1970a-1 to probate courts. Article 1970a-1 was passed in the same legislative session as the revised Mental Health Code in the exercise of the Legislature's power to create "other courts" and to prescribe their jurisdiction, found in Tex.Const. art. V, § 1. In art. 1970a-1 the Legislature gave to "Probate Courts" juris-

---

1. There has been a proliferation of these special purpose type of statutory courts in recent years giving them a variety of criminal, civil, probate and even domestic relations jurisdiction. With the end of the 1979 session of the 66th Legislature there are now 57 county courts at law with probate jurisdiction in 40 counties.

diction "concurrently with the County Courts" over three matters: (1) proceedings under the Mentally Retarded Persons Act, Tex.Rev.Civ.Stat.Ann. art. 5547–300, et seq. (Supp.1978–79); (2) proceedings for the commitment of mentally ill persons, Tex. Rev.Civ.Stat.Ann. art. 5547–31 (Supp.1978–79); and (3) proceedings involving tuberculosis, Tex.Rev.Civ.Stat.Ann. art. 4477–11, §§ 9, 13 (1976).[2]

An examination of each of these acts reveals that, like the Mental Health Code, jurisdiction over these proceedings is placed in the constitutional county court: Tex.Rev. Civ.Stat.Ann. art. 5547–300, § 37 (Supp. 1978–79); Tex.Rev.Civ.Stat.Ann. art. 4477–11, §§ 10, 13 (1976).

Now, Tarrant County Court at Law No. 2 has civil jurisdiction concurrent with both the county court and the district court, but this civil jurisdiction is dependent upon an amount in controversy. Tex.Rev.Civ.Stat. Ann. art. 1970–62.2, § 2(c) (Supp.1978–79). This will not support jurisdiction in the instant case. Similarly, the constitutionally granted probate jurisdiction of the constitutional county court is not involved in commitment proceedings of the mentally ill or the mentally retarded. The constitutional county court's jurisdiction derives from independent grant in such matters. However, the Legislature can, under Tex.Const. art. V, § 1 create other courts and fix their jurisdiction. It has done so in the creation of "Probate Courts" which are not otherwise provided for in the Constitution. And in art. 1970a–1 it has given those probate courts jurisdiction in cases involving the commitment of the mentally ill, the mentally retarded, and the tubercular.

Such proceedings are within the jurisdiction of "probate courts". Is Tarrant County Court at Law No. 2 such a court? It is. It has been granted "the general jurisdic-

tion of a probate court". Tex.Rev.Civ.Stat. Ann. art. 1970–62.2, § 2(b) (Supp.1978–79). It is well settled in Texas that a "probate court" is a court of "general jurisdiction in all matters relating to the administration of estates of deceased persons". *Buss v. Smith*, 125 S.W.2d 712, 714 (Tex.Civ.App.— El Paso 1939, no writ); and see *English v. Cobb*, 23 Tex.Sup.Ct.J. 114, 593 S.W.2d 674 (Dec. 12, 1979) (citing Tex.Prob.Code, § 5) (Supp.1978–79). The grant of probate jurisdiction to County Court at Law No. 2 is a direct quotation of all of the probate powers listed in Tex.Const. art. V, § 16. It shall "transact all business appertaining to deceased persons . . . including the settlement, partition and distribution of estates of deceased persons . . . ." Tex. Const. art. V, § 16; see Tex.Rev.Civ.Stat. Ann. art. 1970–62.2, § 2(b) (Supp.1978–79).

Consequently, County Court at Law No. 2 possesses general jurisdiction over estates of deceased persons and is a "probate court" as that term is understood in Texas. *Buss v. Smith*, supra; *English v. Cobb*, supra; see also Tex.Prob.Code § 3(e) (Supp.1978–79).

Since the court below is a probate court it is also possessed of all of the additional jurisdiction granted to "Probate Courts" by the Legislature in art. 1970a–1 and specifically jurisdiction in cases of the commitment of the mentally ill. Tex.Rev.Civ.Stat. Ann. arts. 1970a–1 (1957) and 5547–1, et seq. (1976).

I concur.

---

**2.** Art. 4477–11 was amended by the Legislature in 1977. Tex.Laws 1977, ch. 282, § 7, p. 752. These amendments do not affect the jurisdiction of the county courts in regard to tuberculosis commitments.