Anna Ruth LITTLE and John H. Little, Appellants,

v.

Robert Ewing LINDER, Appellee.

No. 1541.

Court of Appeals of Texas, Tyler.

April 28, 1983.
Rehearing Denied May 26, 1983.

Jack T. Life, Life & Bolding, Athens, for appellants.

Wm. H. Kugle, Jr., Damon Douglas, Kugle, Douglas & Skelton, Athens, Bill Hodde, Hendersonville, Tenn., for appellee.

SUMMERS, Chief Justice.

Plaintiff/appellee Robert Ewing Linder brought this suit seeking a declaratory judgment establishing that appellee is the owner of an undivided one-half (½) interest in and to the mineral estate in and under 736.36 acres of land in Henderson County, Texas, and that defendants/appellants Anna Ruth Little and John H. Little are the owners of the other one-half (½) interest. Appellants Little claim that appellee owns only an undivided one-fourth (¼) interest in such minerals, and that appellants own the other three-fourths (¾) in equal portions. After a nonjury trial, the court decreed that appellee Linder was vested with an undivided one-half (½) interest in said minerals and that appellants Little are jointly the owners of the other one-half (½) interest in said minerals. From this adverse judgment, appellants Little have perfected this appeal.

We affirm.

The property in question was conveyed by May Dickson, Independent Executrix of the Estate of J.B. Linder, deceased, to Adeline Linder by deed dated July 5, 1940, the deed reciting the consideration paid by her as grantee as follows:

> . . . for and in consideration of the sum of Five Thousand, Fifty Seven and 50/100—($5,057.50)—Dollars, *to me paid, by Adeline Linder,* as follows: $5,057.50 cash in hand paid, the receipt of which is hereby acknowledged. *Said consideration paid out of the separate money belonging*

*to the said Adeline Linder and is the said Adeline Linder's separate property.* (Emphasis added.)

The record reflects that Adeline Linder and J.R. Linder were married about 1905 and were living together as husband and wife in the State of Tennessee on the date of this conveyance; that Adeline Linder died intestate in 1963, survived by her husband J.R. Linder and two children, Anna Ruth Little and W.E. Linder; and that W.E. Linder died intestate in 1965, survived by his son, appellee Robert Ewing Linder, his sole heir. Anna Ruth Little conveyed one-half of her interest in subject minerals to her son, appellant John H. Little.

The trial court made and filed extensive findings of fact and conclusions of law.[1]

1. The trial court, in its *Findings of Fact,* found the following in support of its judgment:

(1) On July 5, 1940, May Dickson, Independent Executrix of the Estate of J.B. Linder, Deceased, executed a deed of conveyance to Adeline Linder covering the property which is the subject of this lawsuit.

(2) On such occasion, Adeline Linder was married to J.R. Linder.

(3) Adeline Linder and J.R. Linder were married about the year 1905 and continued to reside together at all times pertinent to this cause.

(4) At all times pertinent to this cause, Adeline Linder and her husband, J.R. Linder, resided in the State of Tennessee.

(5) The transaction referred to in Finding of Fact No. 1 was accomplished by mail, the deed being executed in Henderson County, Texas, and mailed to Tennessee and the consideration therefor being forwarded by mail from Tennessee to Texas.

(6) The deed referred to in Finding of Fact No. 1 contains the following recitation:

"$5,057.50 cash in hand paid, the receipt of which is hereby acknowledged. Said consideration paid out of the separate money belonging to the said Adeline Linder and is the said Adeline Linder's separate property."

(7) J.R. Linder was an active participant in the transaction whereby the funds for payment for the deed in question were forwarded to Texas and the deed procured.

(8) After acquiring the deed in question, Adeline Linder over the ensuing years until her death executed various instruments relative to the title, such as oil and gas leases and easements.

(9) Each of such instruments contained substantially the following language, 'We, Adeline Linder, joined by my husband, J.R. Linder.'

(10) Adeline Linder died intestate in 1963 survived by her husband, J.R. Linder, and two children, Anna Ruth Little and W.E. Linder.

(11) No other children who survived infancy were born to Adeline Linder and J.R. Linder, and neither of them had any other children or adopted any children.

(12) J.R. Linder subsequently died intestate.

(13) In December, 1965, prior to his death, J.R. Linder executed an instrument purporting to convey to his daughter, Anna Ruth Little, all of his undivided interest in the minerals in the subject tract of land.

(14) W.E. Linder died in 1965, leaving surviving him one child, Robert Ewing Linder, the plaintiff herein.

(15) The defendant, Anna Ruth Little, has conveyed some of her interest in the subject property to her son, John H. Little, who is a party defendant to this cause.

From these findings, the court drew the following *Conclusions of Law:*

(1) The language of the deed referred to in Finding of Fact No. 1 created a presumption that the subject property was the separate property of Adeline Linder.

(2) J.R. Linder, the husband of Adeline Linder, participated in the transaction whereby the property in question was acquired to such an extent that he may fairly be regarded as a party to the instrument.

(3) By reason of his participation in the transaction whereby the subject property was acquired, claimants under J.R. Linder may not vary the terms of the deed by parol evidence.

(4) [W.E. Linder, father of] the plaintiff, Robert Ewing Linder, and the defendant, Anna Ruth Little, are the only heirs of their deceased mother, Adeline Linder.

(5) The deed from J.R. Linder in December, 1965, referred to in Finding of Fact No. [13], to his daughter, Anna Ruth Little as grantee, was not effective to convey any interest in the minerals under the subject property as he owned no minerals or other interest in the property at the time of this conveyance.

(6) At the time of her death in 1963, Adeline Linder owned as her separate property all of the mineral estate in the subject property.

(7) At the time of the death intestate of Adeline Linder, her only heirs were her daughter, Anna Ruth Little, and her son, W.E. Linder, who thereupon became vested each with an undivided one-half ($\frac{1}{2}$) interest in and to the separate property of Adeline Linder.

(8) The plaintiff herein, Robert Ewing Linder, succeeded to the interest of his father, W.E. Linder, upon his father's death intestate.

The record on appeal includes a statement of facts.

Appellants present twelve points of error. Some of such points are multifarious; however, in disposing of them we apply the liberal rule with reference to construction of points laid down in *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478, 482 (1943). In their second point, appellants assert that Finding of Fact 7 and Conclusions of Law 2 and 3 are not supported by the evidence. In their third point, appellants assert that Conclusions of Law 2 and 3 are against the great weight and preponderance of the evidence. The trial court draws its conclusions of law from the facts as it finds them. The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them; its conclusions of law are reviewable when attacked as erroneous as a matter of law, but not when, as here, attacked on grounds of sufficiency of the evidence to support them, as if they were findings of fact. *First National Bank in Dallas v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). The third point is overruled.

The controlling question in the case is whether the 1940 deed to Adeline Linder was a conveyance to her of separate or community property. Appellants contend that the property conveyed by this deed is a part of the community estate of Adeline and J.R. Linder while appellee asserts that such property is the separate estate of grantee Adeline Linder.

Property acquired during marriage acquires its status of separate or community at the time of its acquisition. *Henry S. Miller Company v. Evans,* 452 S.W.2d 426, 430 (Tex.1970). The elemental presumption in favor of the community as to land acquired in the name of either spouse during the marriage is, indeed, sometimes displaced by a presumption in favor of the separate estate of the wife *where the deed of acqui-*

sition recites *either* that the land is conveyed to her as her separate property, *or that the consideration is from her separate estate,* or includes both types of recitation. *Hodge v. Ellis,* 154 Tex. 341, 277 S.W.2d 900, 904 (Tex.1955); *Goldberg v. Zellner,* 235 S.W. 870 (Tex.Comm'n App.1921, judgment adopted and holding approved); *Smith v. Buss,* 135 Tex. 566, 144 S.W.2d 529 (1940); *Paudler v. Paudler,* 210 F.2d 765 (5th Cir.1954). Where, as in *Goldberg, Smith* and *Paudler,* all *supra,* the husband is a party to the transaction, the result generally is to hold the property to be the separate property of the wife, even though the consideration be community or from the separate estate of the husband, and even though the husband on the trial denies the purchase was by way of a gift of either to the wife. Moreover, where the husband is a party to the purchase for the purported separate interest of the wife, even though his name may not appear in the documents, there is good reason to presume the recitals in the deed to be true, because his position as regards the wife and the community is much the same as if he were the grantor. *Hodge, supra* at 904; *Smith, supra* at 532.

In the instant case, the deed in question recited that the consideration of $5,057.50 was paid by Adeline Linder as grantee "out of the separate money belonging to the said Adeline Linder and is the said Adeline Linder's separate property." The court in *Goldberg v. Zellner, supra* at 872 stated:

Th[e] presumption [of community] may be negatived, however, by recitals in the deed showing the consideration paid out of the separate estate of the wife, or a gift, or limiting the property to the sole and separate use of the wife.

In *Smith, supra,* the court held that recitals in two deeds conveying land to a married woman stating the consideration paid and to be paid by her was "out of her own separate property, funds and estate" and that part of the purchase price was repre-

(9) The plaintiff, Robert Ewing Linder, is vested with title to an undivided one-half (½) interest in and to the property which is the subject of this lawsuit. The defendants are vested with title to an undivided one-half (½) interest in the property which is the subject of this lawsuit.

sented by notes executed by her prima facie constituted the land the wife's separate property and prima facie showed that she took the entire title in her separate right and not in community.

The record reflects that appellant Anna Ruth Little, during cross-examination, testified in part as follows:

Q Mrs. Little, how old were you in 1940?

A 1940—well—I was thirty-nine years old.

Q You were how old?

A Thirty-nine.

Q In 1940?

A Well, okay. I was born in 1909. How many years is that?

Q Thirty-one, wouldn't it be?

A Yes, thirty-one, I'm sorry.

Q And do I understand that you were living at home at that time? When I say "at home," with your mother and father?

A My family. My husband and my son and me were living there in the house there with them.

Q Tell me again where that was.

A Alpine, Tennessee.

Q Okay. And do I understand that this deed we're talking about in 1940 was executed in Texas and mailed?

A Yes.

Q Was the transaction handled by mail?

A Yes, it was.

Q And do you know how payment was handled?

A They mailed the payment.

Q When you say "they," now—

A My father and mother sent the payment for the property.

Q All right. Your father and your mother?

A Yes.

Q All right. Do you have any idea why that this recitation was in the deed that it was paid for out of her separate estate?

A No. I don't.

Q *But you're quite certain that your father either withdrew the funds or participated in this withdrawal and saw to their being mailed to Texas, is that correct?*

A *Yes.*

Q All right. You know that of your own certain knowledge.

A Yes, I do.

Q *All right. This wasn't a deal that your mother handled by herself or on her own, your father was right in the middle of it and took part in it, is that right?*

A *Right.* (Emphasis added.)

The record further reflects that Adeline Linder, after receiving the deed in July 1940 and before her death in 1963, executed a number of instruments relating to subject land:

(1) The first was a deed from her (*not joined by her husband*) to Anna Ruth Little et vir, dated September 18, 1950, purporting to convey an undivided one-half interest in subject property subject to a reservation by grantor of all gas, oil and mineral rights and merchantable timber.

(2) Two deeds each from "Adeline Linder joined by my husband, J.R. Linder," one to Anna Ruth Little et vir dated _____ day of October 1950 conveying an undivided one-half interest in the surface of subject property and the other to Anna Ruth Little dated August 29, 1961, conveying the surface of subject land, each deed reserving all minerals.

(3) Two oil, gas and mineral leases, each from "Adeline Linder, joined by her husband, J.R. Linder," leasing subject land, one dated July 10, 1952, to H.P. Barton and the other dated January 8, 1963, to Pan American Petroleum. The record reflects that payments under said leases were made to Adeline Linder individually.

(4) Adeline Linder was joined by her husband in executing an easement agreement, dated _____ but acknowledged July 17, 1955, for flood control structures with the Trinity-Neches Soil Conservation District.

Until the repeal of Article 1299,[2] by Acts 1963, 58th Legislature, effective August 23, 1963, no conveyance of the wife's separate property would "take effect" unless the wife was joined by her husband and the instrument was acknowledged privily and apart by her in the statutory manner. At all pertinent occasions when Mrs. Linder executed the above-mentioned instruments, her husband's joinder was required to give validity to a conveyance of her separate property.

In cases, as here, where specific findings of fact have been filed and a statement of facts is also brought forward, the findings made by the trial court will be sustained if there is any evidence to support them. *Mathews v. Warren*, 522 S.W.2d 569, 570 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.); *Arnold v. Caprielian*, 437 S.W.2d 620, 625 (Tex.Civ.App.—Tyler 1969, writ ref'd n.r.e.). In determining if there is any evidence to sustain the trial court's finding, the reviewing court is required to consider only that evidence favorable to the finding and the judgment rendered thereon and to disregard all evidence to the contrary. The judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it, and the reviewing court cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings. *Cavanough v. Davis*, 149 Tex. 573, 235 S.W.2d 972, 977 (Tex.1951).

In our review of the record we find there is evidence of probative force to support the trial court's Finding of Fact 7, wherein the court found that J.R. Linder was an active participant in the transaction whereby the property in question was acquired and funds in payment for same were forwarded to Texas and the deed procured. The evidence shows that Adeline Linder was the named grantee in the deed, that the deed recited the consideration was paid out of her separate money or property, that her husband, J.R. Linder, participated in the transaction in acquiring and making payment for the property in question, that after receipt of the deed in 1940 Adeline Linder's husband, J.R. Linder, with full knowledge of its contents acquiesced in said conveyance to his wife without seeking a correction (if he deemed same to be incorrect), joined with his wife in the instruments relating to subject property in the manner required by law at such time for the conveyance of the wife's separate property, all without asserting a community interest in said property. It was not until after the death of his wife, and more than 25 years after she acquired the property, that he executed a conveyance to Anna Ruth Little in December 1965 conveying all of his undivided interest in subject minerals. The interest conveyed could be no more than a one-third life estate [3] which terminated upon his subsequent death. We overrule appellant's second point. The trial court correctly concluded that J.R. Linder participated in the transaction to such an extent that he may fairly be considered as a party to the instrument and that by reason of such participation in the transaction, claimants under J.R. Linder may not vary the terms of the deed by parol evidence. We accordingly hold that the 1940 deed of the property in question to Adeline Linder was a conveyance to her in her separate right, and not in community.

The deed of August 29, 1961, from "Adeline Linder joined by my husband, J.R. Linder" to Anna Ruth Little conveying the surface of subject land contained a reservation which stated "grantors herein reserve unto themselves, their heirs and assigns, all the oil, gas and other minerals in and under the above described land ...." Appellants contend that this reservation, so worded, created a joint ownership in the minerals reserved. We do not agree. There is no granting language with regard to J.R. Linder. The law in Texas clearly holds that a reservation or exception in favor of a third party or a stranger to the

---

2. This and all statutory references are to Vernon's Annotated Civil Statutes unless otherwise noted.

3. Tex.Prob.Code Ann. § 38(b)1.

conveyance is inoperative. *Canter v. Lindsey,* 575 S.W.2d 331, 335 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.); *Joiner v. Sullivan,* 260 S.W.2d 439, 440 (Tex.Civ.App.—Texarkana 1953, writ ref'd). No title to any part of the minerals in the tract was vested in J.R. Linder by virtue of this reservation. He joined his wife to give validity (as required by Article 1299) to her conveyance and not as a grantor with an interest in the property conveyed. Thus, J.R. Linder was essentially like a third party or a stranger to the ownership of subject property and the reservation did not operate as a conveyance of an interest in the mineral estate to him.

In their eighth point appellants assert that the trial court erred in finding in its conclusions of law that the mineral deed from J.R. Linder to Anna Ruth Little in December 1965 was not effective to convey an interest in the minerals under subject property as he owned no minerals or other interest in the property at the time of this conveyance. We would amend this conclusion to conclude that such mineral deed was not effective to convey any interest in subject minerals except a one-third life estate as Adeline Linder's surviving husband (which terminated upon his death) as he owned no other interest in the property at the time of this conveyance. However, the failure of the court to except the life estate becomes immaterial at the time of trial. The point is overruled.

In their first point, appellants contend that "the trial court erred in rendering judgment in favor of appellee, thereby holding as a matter of law that appellee was the owner of an undivided one-half (½) interest in the mineral estate in and under the subject land, for the reason that the record before the court showed that the appellee was the owner of only an undivided one-fourth (¼) interest in such minerals and that appellants owned the other three-fourths (¾)." Appellants in their tenth point contend that the trial court erred in finding in its conclusions of law that the property in question is owned one-half by appellee and one-half by appellants. We

find no merit in these contentions. Since the findings of fact filed by the trial court were supported by evidence of probative force and for reasons set forth in this opinion, we hold the conclusions were correct. The points are overruled.

Appellants complain in their fourth, fifth, sixth, seventh and ninth points of the failure of the trial court to file requested additional findings of fact and in their twelfth point of the court's failure to consider or act on appellants' request for additional and amended conclusions of law. As shown above, the trial judge filed extensive findings of fact and conclusions of law. Additional or amended findings of fact and conclusions of law were requested by appellants, but there is no showing in the record that any additional findings were made by the trial judge. Additional findings and conclusions are not required to be prepared and filed by the trial judge where, as here, they do not relate to the ultimate or controlling issues, or are evidentiary in character, or where they conflict with the original findings and conclusions made and filed by the trial judge. *Huber v. Buder,* 434 S.W.2d 177, 181 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.); *Friedman v. Cohen,* 429 S.W.2d 510, 512 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.); *Guaranty Bond State Bank v. Tucker,* 462 S.W.2d 398, 404 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.). Moreover, there is no showing that the failure to prepare and file the requested additional findings and conclusions prevented appellants from making a proper presentation of their case to this court. *Garcia v. Ramos,* 546 S.W.2d 400, 403–04 (Tex.Civ.App.—Corpus Christi 1977, no writ). The failure to prepare and file additional or amended findings and conclusions, under the record here presented, does not constitute reversible error. These points are overruled.

In their eleventh point of error appellants assert that the trial court erred in failing to file its findings of fact and conclusions of law within the time required by law. The law is well settled that reversible error is not presented where the findings of

fact and conclusions of law are signed and filed in time to be included in the transcript on appeal and the appellant is not prevented from making a proper presentation of his case on appeal, as in this case. *Horizon Properties Corporation v. Martinez,* 513 S.W.2d 264, 266 (Tex.Civ.App.—El Paso 1974, writ ref'd n.r.e.); *Brown v. Brown,* 500 S.W.2d 210, 217 (Tex.Civ.App.—Texarkana 1973, no writ). We perceive no error and the point is overruled.

The judgment of the trial court is affirmed.