**Roy Livingston JACOBS, Appellant,**

v.

**Ellen English JACOBS, Appellee.**

**No. B14–83–026CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 9, 1984.

Rehearing Denied March 15, 1984.

Douglas S. Johnston, Crady & Peden, J. Huey O'Toole, Houston, for appellant.

Martha Bourne, Burta Rhoads Raborn, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a division of property by the Court in a divorce action.

The judgment of the trial court is affirmed in part, reversed and rendered in part, reversed and remanded in part.

Appellant presents fifty-one points of error. They fall into categories of alleged errors relating to (1) reimbursement to the community for appellant's work for the Roy Jacobs Company; (2) reimbursement to the community from separate property held by Mr. Jacobs; (3) the characterization of property held by Mrs. Jacobs; (4) reimbursement claims against Mrs. Jacobs' separate property; (5) the transfer of property

to others; and (6) the trial court's alleged abuse of discretion.

The judgment of the trial court was signed October 18, 1982. On December 23, the trial court entered Findings of Fact and Conclusions of Law. The trial court found that the total net value of the community estate was between $1,300,000 and $1,500,-000. The net value of the community estate, not including claims for reimbursement, was approximately $675,000. The claim for reimbursement was valued at between $625,000 and $800,000. All reimbursement items were for claims of the community against Mr. Jacobs' separate estate. Of the five items for which reimbursement was awarded, the value of only three was given by the court and these totalled $151,594. Therefore, between $470,000 and $675,000 of the value of the community must have been related to the two other items for which reimbursement was awarded but there was no specific amount awarded therefor. Appellant's first eleven points of error allege that there was error in the order directing reimbursement for these five items.

In his first six points of error, appellant contends the trial court erred in awarding the community estate reimbursement for the enhancement in the value of the Roy Jacobs Company. The stock in this Corporation was his separate property. The trial court found that its value had been enhanced through the efforts of appellant, that no quid pro quo was received by the community, and, therefore, the community is entitled to reimbursement for the time, talent, and labor expended by appellant. The trial court set no dollar value for this reimbursement.

■ In *Jensen v. Jensen*, 665 S.W.2d 107 (Tex.1984), the Supreme Court discussed a claim by the community because of labor performed by a spouse for a corporation when the stock was owned as separate property. It held that such a claim should give rise to a reimbursement for labor performed rather than transform the stock into a community ownership or equitable enhancement. The stock remains the separate property of the owner. *Jensen, supra; Vallone v. Vallone,* 644 S.W.2d 455 (Tex.1982); *Norris v. Vaughan,* 152 Tex. 491, 260 S.W.2d 676 (1953). The community should be reimbursed for the time and effort expended by each spouse on the separate estate of either, less that which was paid in salary, bonuses, dividends, and other fringe benefits. The burden of proving a right to reimbursement is on the claimant. *Welder v. Lambert,* 91 Tex. 510, 44 S.W.2d 281 (1898); *Vallone, supra; Jensen, supra.* Mrs. Jacobs had the burden of pleading and proving that Mr. Jacobs' time, talent, and labor enhanced the value of the stock of the Roy Jacobs Company, that such time, talent, and labor was beyond the attention necessary for proper maintenance of the Company, and that the community did not receive adequate compensation for such time, talent, and labor. *Jensen, supra.*

■ Mrs. Jacobs has failed to meet this burden. Mr. Jacobs' annual salary from the Company increased from $36,000 to $50,000 during the marriage. The Company contributed to his employee benefit plans and provided him with an automobile. There is no evidence that his work went beyond that necessary for the maintenance of the Company. Although there is some evidence that the value of the Company increased between 1974 and the selling date in 1980, there is no evidence that Mr. Jacobs' compensation was inadequate. Absent such evidence, the trial court erred in awarding reimbursement to the community. Appellant's first six points of error are sustained. This portion of the judgment is reversed and rendered.

■ In points of error seven through eleven, appellant contends the trial court erred in ordering reimbursement to the community for certain expenditures on his separate estate. Divorce courts are given wide discretion in dividing property. It is presumed that the trial court properly exercised its discretion. It will not be disturbed unless it is clear that it was abused. TEX. FAM.CODE ANN. § 3.63 (Vernon 1975); *Bell v. Bell,* 513 S.W.2d 20 (Tex.1974). As

to the following three items of reimbursement, there is no evidence of abuse of discretion: (1) $30,351.06 for professional fees paid relating to the acquisition of Grow Group stock; (2) $53,660.00 for payments made by appellant to reduce his separate debts during the marriage; and (3) $21,000.00 for contributions to appellant's land partnerships. Points of error seven, ten, and eleven are overruled.

In his eighth and ninth points of error, appellant contends the trial court erred in granting the community reimbursement for diverted commissions of $67,583.00 payable to appellant. There are no pleadings for this item. The moving party must properly plead its claim. *Vallone, supra.* Appellee's pleadings seek reimbursement only for enhancement of appellant's separate estate and not for the transferring of community assets to others. Appellant's eighth and ninth points of error are sustained. This portion of the judgment is reversed and rendered.

In points of error twelve through fifteen, appellant contends the trial court erred in characterizing certain assets as community when appellant owned a portion of each as his separate property. When funds for the purchase of an asset come from both community and separate sources, the community and separate estates own the asset as tenants in common in the same proportion as each contributed to the purchase price. *Gleich v. Bongio,* 128 Tex. 606, 99 S.W.2d 881, (1937); *Bell v. Bell,* 593 S.W.2d 424 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). To establish a separate property claim, a party must clearly trace the investment of his separate property to the specific asset. *McKinley v. McKinley,* 496 S.W.2d 540 (Tex.1973). Appellant traced a portion of the purchase price for both the Horseshoe Bay Condominium and the Meyerwood Townhouse to his separate funds. Therefore, appellant's separate estates had an interest in these properties which it held as tenant in common with the community.

The Rotan Mosle IRA account came from the final settlement of appellant's Pension Plan and Profit Sharing Plan with the Roy Jacobs Company. These plans had been accumulated both before and during his marriage. Retirement benefits accrued during marriage are clearly community property while benefits accrued prior to marriage are separate. *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976); *Taggart v. Taggart,* 552 S.W.2d 422 (Tex.1977). The respective interests should be determined by using the ratio of the number of months during marriage to the total number of months for which contributions were made. *Disbrow v. Thibodeaux,* 596 S.W.2d 174 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

The court erred in characterizing these three assets as entirely community property. We reverse and remand for the trial court to assertain the proportionate separate and community interests in the Horseshoe Bay Condominium, the Meyerwood Townhouse, and the Rotan Mosle IRA account. Points of error twelve through fifteen are sustained.

In points of error sixteen through twenty-seven, appellant contends that the trial court erred in characterizing certain assets as Mrs. Jacobs' separate property. An asset acquired during marriage is presumed to be community. TEX. FAM.CODE ANN. § 5.02 (Vernon 1975). A party wishing to overcome this presumption must "clearly trace the original separate property into the particular assets on hand during the marriage." *Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975). There is sufficient evidence to support the Finding that these properties were either owned by Mrs. Jacobs prior to the marriage or purchased with her separate funds during the marriage. Any error in allocation is reversible only if the division is manifestly unfair and consequently an abuse of .discretion. *Smith v. Smith,* 620 S.W.2d 619 (Tex.Civ.App.—Dallas 1981, no writ). There is no showing of an abuse of discretion. TEX.FAM.CODE ANN. § 3.63 (Vernon 1975). Appellant's points of error

sixteen through twenty-seven are overruled.

In point of error twenty-eight, appellant contends that the trial court erred in failing to reimburse the community estate for the payments of Mrs. Jacobs' separate debts. Such a reimbursement is made in equity and rests on the sound discretion of the trial court. *Burton v. Bell*, 380 S.W.2d 561 (Tex.1964). To establish a claim for reimbursement upon separate property, the burden is on the claimant. Reimbursement should be only for the value of the time and effort expended to enhance the separate estate for which the community did not receive adequate compensation. *Vallone, supra.* The payments made on Mrs. Jacobs' separate property were for upkeep and improvements. These and other properties owned by Mrs. Jacobs prior to the marriage benefitted the community. Woodstone and Flintdale were the residences of the parties during the marriage. The numerous repairs made on Flintdale at appellant's expense were substantially reimbursed to him by Mrs. Jacobs when she sold Woodstone. The Grimes County Ranch was property enjoyed by both. There is nothing in the record to support the allegations that payments were made on the San Luis Pass beach house and Byland property. In the absence of evidence that the community was without benefit from Mrs. Jacobs' separate estate, reimbursement is inappropriate. Appellant's twenty-eighth point of error is overruled.

In points of error twenty-nine through thirty-four, appellant contends the trial court erred in awarding an undivided one-half interest in the Highway 6 tract to Mrs. Jacobs as her separate property and an undivided one-half interest in the tract to the community. Appellant has labelled two points of error as number twenty-nine. He has failed to brief the second of these and his point of error number thirty-three. Points of error must be supported by arguments and authority. If not, the points are waived. TEX.R.CIV.P. 418(e); *Gerstner v. Wilhelm*, 584 S.W.2d 955 (Tex.Civ.App.—

Austin 1979, writ dism'd w.o.j.). The Highway 6 property was purchased under two separate contracts. One undivided interest of 3/4 acres was conveyed to Mrs. Jacobs, and another to Mr. Jacobs.

The trial court found that her tract was purchased with separate funds of Mrs. Jacobs which were "substantially the major part of or all of the source of funds for the purchase of ... 3/4 acres on Highway 6...." The tract deeded to Roy Jacobs was held to be community property. Appellant borrowed the funds for this purchase.

Property acquired during marriage acquires its character as separate or community at the time of its acquisition. *Henry S. Miller Company v. Evans*, 452 S.W.2d 426 (Tex.1970). All property possessed by the spouses during marriage is presumed community. TEX.FAM.CODE ANN. § 5.02 (Vernon 1975). The presumption in favor of the community is displaced by a presumption in favor of the separate estate of the wife where the deed of acquisition recites either that the land is conveyed to her as her separate property, or the consideration is from her separate estate, or both. *Little v. Linder*, 651 S.W.2d 895 (Tex.App.—Tyler 1983, no writ). Appellant contends this rule is inapplicable because he was not a party to his wife's transaction. The evidence reveals that appellant and his wife discussed how they would purchase the property. Appellant agreed to the arrangement. Appellant testified that the two earnest money contracts were signed together. "Where the husband is a party to the purchase for the purported separate interest of the wife, even though his name does not appear on the documents, there is good reason to presume the recitals in the deed to be true...." *Little, supra.* Having determined that a substantial amount of the purchase price of Mrs. Jacobs' one-half interest came from her separate property, that the recital in her deed of separate ownership was true, and that appellant was a party to this transaction, the trial court could properly award Mrs. Jacobs a sepa-

rate interest in one-half of the Highway 6 tract. Appellant's points of error twenty-nine through thirty-four are overruled.

In points of error thirty-five through forty-two, appellant contends the trial court erred in finding that certain properties were owned by Mrs. Jacobs as her separate property and were properly transferred to or for the benefit of her daughter and grandchildren. An asset acquired during marriage is presumed to be community. TEX.FAM.CODE ANN. § 5.02 (Vernon 1975). To overcome this presumption, there must be a clear tracing of the original separate property into the particular assets. *Cockerham, supra.*

The funds for purchase of many of these properties came from three accounts: Colonial Savings Account no. 6–244–01, Colonial Savings Account no. 158–01, and the Spring Branch Bank checking account. There was no attempt to trace the source of funds in the Colonial Savings Account no. 6–244–01 used for the purchase of certain named properties. It was, therefore, error for the trial court to hold the following as Mrs. Jacobs' separate property: the Mission Bond MUD bonds with a $25,000 face value and the Lake Worth, Florida bonds with a face value of $20,000. As to these properties, Mrs. Jacobs did not overcome the community property presumption. *Cockerham, supra.* The trial court made a Finding that "the Colonial Savings account—note payoff on the Plantation property" was Mrs. Jacobs' separate property. The $33,000 proceeds from the sale of the Plantation property, purchased in 1978, were deposited with Colonial Savings. There was no attempt to trace the source of funds for the original acquisition of this property. It was, therefore, error for the trial court to hold this portion of the Colonial Savings account as Mrs. Jacobs' separate property.

The funds in the Colonial Savings Account no. 158–01 were sufficiently traced to Mrs. Jacobs' separate property. The $25,000 of Salt Lake City bonds acquired through this account are, therefore, her separate property. The funds in the San Jacinto checking account were also traced to Mrs. Jacobs' separate property and properties acquired through this account were her separate property. These included $25,000 Nebraska Public Power bonds, 250 units of Nuveen Series 86 bond fund, and $25,000 San Antonio Electric and Gas bonds. It was not, therefore, error for the trial court to make Findings that Mrs. Jacobs held these separate properties for her daughter. As to those properties which were not clearly traced as being Mrs. Jacobs' separate property, it was error for the court to made such a Finding.

Appellant has failed to properly brief his point of error forty and forty-one concerning the $100,000 Ben Franklin Savings Account and certain other properties named. Since these are not supported by argument and authority, these points are waived. TEX.R.CIV.P. 418(e); *Kropp v. Prather,* 526 S.W.2d 283 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Gerstner, supra.* Appellant's points of error thirty-five and thirty six are sustained. Points of error thirty-seven through forty are overruled. Points of error forty-one and forty-two are sustained as to the $25,000 Mission Bend MUD bonds and the $20,000 of Lake Worth, Florida bonds. Such are community and the trial court is directed to allocate them on the basis of this finding. Points of error forty-one and forty-two are overruled as to all other properties.

In his forty-third point of error, appellant contends the trial court erred in finding that Roy Jacobs was guilty of cruel treatment toward Ellen Jacobs. A divorce may be granted on the grounds of cruel treatment when such cruel treatment renders further living together insupportable. TEX.FAM.CODE ANN. § 3.02 (Vernon 1975). The existence of cruelty depends on the particular facts of each case. *Mobley v. Mobley,* 263 S.W.2d 794 (Tex.Civ.App.—Waco 1954, no writ). It is within the province of the trier of fact to judge the credibility of a witness and the weight to be given his testimony. *Diaz v. Cantu,* 586 S.W.2d 576 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). The trial court

acted within its discretion. Appellant's forty-third point of error is overruled.

 In points of error forty-four through fifty, appellant contends the trial court abused its discretion in making numerous Findings of Fact in appellee's favor and in denying certain Findings of Fact requested by appellant. These points of error relate to specific property allocations previously discussed. It is not reversible error when the trial court fails to prepare additional requested Findings of Fact and Conclusions of Law where it has already made extensive Findings and Conclusions and "there is not a showing that the failure to do so prevented appellant from making a proper presentation of his case on appeal." *Little, supra.* Appellant's points of error forty-four through fifty are overruled.

In his final point of error, appellant contends the trial court erred in awarding Mrs. Jacobs $25,000 for attorneys' fees on appeal regardless of whether the appeal is successful. The trial court may not penalize a party for taking a successful appeal by taxing him with attorney's fees. *King Optical v. Automatic Data Processing of Dallas, Inc.,* 542 S.W.2d 213, (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). Since appellant is obtaining reversal on substantial portions of the appeal, the awarding of attorneys' fees is invalid. Appellant's fifty-first point of error is sustained.

Judgment is affirmed in part, reversed and rendered in part, and reversed and remanded in part.