SPILLER 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-483-CV





HUGH BOB SPILLER,



 APPELLANT


vs.





SUE SPILLER,



 APPELLEE



 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT



NO. FA88-0987-A, HONORABLE DICK ALCALA, JUDGE PRESIDING



 





 This is an appeal from a divorce decree. Hugh Bob Spiller is appealing the unequal
division of the community estate as well as the alleged award of his separate property to his
former spouse, Sue Spiller. We will modify the judgment of the trial court and affirm as
modified.

THE CONTROVERSY


 The Spillers were married on March 20, 1978. No children were born into or
adopted by the marriage. Ms. Spiller filed her original petition for divorce on July 26, 1988. The
trial court rendered a decree of divorce on May 5, 1991, and a corrected decree of divorce on
August 6, 1991. Mr. Spiller failed to timely request findings of fact and conclusions of law, and
none were made by the trial court. 

 Mr. Spiller brings eleven points of error regarding the trial and the corrected decree
of divorce. These points of error can be condensed into four basic complaints. Mr. Spiller first
complains that the trial court erroneously awarded Ms. Spiller his separate property in the award
of pre-marriage and post-divorce interest on his claim against his father's estate, and in the award
of an apartment house in Junction, Texas, that Mr. Spiller contended was his separate property. 
Second, Mr. Spiller complains that the unequal division of the community estate was an abuse of
discretion. Third, Mr. Spiller complains that admitting the auditor's report was reversible error. 
Finally, Mr. Spiller contends that the trial court abused its discretion by ordering him to pay
attorney's and auditor's fees.



DISCUSSION


Standard of Review

 This appeal is from a bench trial in which no findings of fact or conclusions of law
were filed. Thus, we must affirm the judgment of the trial court if it can be upheld on any legal
theory that finds support in the evidence. In the Interest of W. E. R., 669 S.W.2d 716, 717 (Tex.
1984). "[I]n the absence of findings and conclusions, the judgment of the trial court implies all
necessary fact findings in support of the judgment." Id.; Buchanan v. Byrd, 519 S.W.2d 841, 842
(Tex. 1975).



Alleged Award of Separate Property

 In the corrected decree of divorce, the trial court awarded to Ms. Spiller one-half
of all the interest money payable on Mr. Spiller's claim against his father's estate. Mr. Spiller's
first four points of error contest this award to the extent that it could be construed as awarding to
Ms. Spiller interest money accruing before or after the marriage. The parties agreed at oral
argument that Ms. Spiller has the right only to one-half of the interest money that accrued during
the marriage. We, therefore, sustain Mr. Spiller's first four points of error and modify the
corrected decree of divorce to comply with the agreement of the parties as represented to this
Court.

 Points of error five through seven contest the award of an apartment house in
Junction to Ms. Spiller. Mr. Spiller alleges that the entire apartment house, or at least fifty-six
percent of it, was his separate property, and that the trial court erred as a matter of law in
awarding it, or his separate interest in it, to Ms. Spiller. Resolution of these points of error
necessarily depends on whether the trial court characterized the apartment house as the separate
property of Mr. Spiller or as community property. 

 Property acquired during marriage acquires its status as separate or community
property at the time of its acquisition. Henry S. Miller Co. v. Evans, 452 S.W.2d 426, 430 (Tex.
1970). We must, therefore, investigate the circumstances under which the apartment house was
acquired. The apartment house in Junction was purchased by Mr. Spiller from David Buster on
April 15, 1985. The grant in the deed was to "Hugh Bob Spiller as his separate property and
estate." Mr. Spiller testified that the apartment house was paid for, in part, with a note from
Junction National Bank, which, he further testified, was secured by the pledge of his separate
property Certificates of Deposit (CDs). (1)

 There is no documentation in the record of Mr. Spiller's assertion that his separate
property CDs secured the note. There is some evidence that proceeds of two CDs, which matured
on September 9th and 15th of 1985, were used to pay off the note. The original note was for
$47,495.29. A part of the original note proceeds was used to pay off two prior notes made by
Mr. Spiller and owned by Junction National Bank. The remaining $34,000 was deposited into
account number 96679 on April 15, 1985, and a check for $26,600 dated that same day was
written on that account to the R.E. Buster Estate for the Junction apartment house. (2)

 We begin with the initial presumption that all property acquired during the marriage
is community property. Tex. Fam. Code Ann. § 5.02 (West 1993). This presumption can only
be overcome with clear and convincing evidence. Id. The party asserting the separate nature of
the property must carry the burden of proof. Jacobs v. Jacobs, 669 S.W.2d 759, 763 (Tex.
App.--Houston [14th Dist.] 1984), aff'd in part, rev'd in part on other grounds, 687 S.W.2d 731
(Tex. 1985). 

 The initial presumption in favor of community property may be overcome by a
recital in the deed that the property in question is to be held as the separate property of one
spouse, or a recital that the consideration for the property is to be paid for by the separate
property of one spouse, or both of these recitals together. Hodge v. Ellis, 277 S.W.2d 900, 904
(Tex. 1955); Little v. Linder, 651 S.W.2d 895, 898 (Tex. App.--Tyler 1983, writ ref'd n.r.e.). 
In fact, not only is the initial property presumption overcome, but such recitals in a deed are
prima facie evidence that the property is the separate property of the spouse named in the deed. 
Henry S. Miller Co., 452 S.W.2d at 430-31; Kyles v. Kyles, 832 S.W.2d 194, 196 (Tex.
App.--Beaumont 1992, no writ). This presumption can then be overcome by evidence that the
recitals are incorrect. (3) Hodge, 277 S.W.2d at 905.

 In the instant case, the record reveals no evidence introduced by Ms. Spiller to
rebut the recital in the deed that the apartment house was Mr. Spiller's separate property. There
is, however, one more presumption that must be considered: all debts incurred by either spouse
during the marriage are presumed to be on the credit of the community (making the proceeds and
whatever the proceeds purchased, community property) unless it is shown that the lender relied
only on the separate credit of the borrowing spouse. Cockerham v. Cockerham, 527 S.W.2d 162,
171 (Tex. 1975). In a case similar to this one, the court granted the wife a one-half community
interest in land purchased by the husband during the marriage. See Broussard v. Tian, 295
S.W.2d 405 (Tex. 1956). In Broussard, the husband purchased land with borrowed money. 
There were no recitals in the deed or the note that alleged the land was the separate property of
the husband. It was undisputed that all of the money used for the down payment and several of
the monthly payments was the separate property of the husband.



[T]he note is by presumption and in legal effect a community obligation, unless
somehow lawfully shown to be otherwise. In the absence of any such showing, the
result would necessarily be that, to the extent of the face of the note, the
community furnished the original consideration for the purchase and thereby
acquired a pro tanto ownership in the property . . . . The fact that the actual
payment of all or some of the installments of the note were later made out of
separate funds of the husband would not affect the community ownership, but
would merely give rise to a debt or charge in favor of his estate against the
community enforceable by appropriate proceedings.



Id. at 406. The remainder of the court's opinion discusses evidence introduced by the husband
in an attempt to carry his burden of showing that the lender looked only to his separate credit in
making the loan. Id.

 The only evidence Mr. Spiller introduced to show that Junction National Bank
loaned the money solely on the basis of his separate credit is his own testimony. Mr. Spiller
testified that he pledged his separate property CDs to secure the entire amount of the note. He
failed, however, to present documentary evidence of this pledge. Mr. Spiller did introduce a
document which tended to show that two CDs maturing in September were used to pay off the
note, but as in Broussard, this only gives rise to a debt or charge in favor of his separate estate
in an appropriate proceeding. It does nothing to show that the Bank relied solely on the separate
credit of Mr. Spiller and not the credit of the community.

 In a non-jury case the trial judge is the finder of fact, who must weigh the evidence
and judge the credibility of witnesses. The trial judge may accept the testimony of any witness
in whole or in part. Moore v. Office of Attorney Gen., 820 S.W.2d 874, 876-77
(Tex.App.--Austin 1991, no writ); Forscan Corp. v. Dresser Indus. Inc., 789 S.W.2d 389, 394
(Tex. App.--Houston [14th Dist.] 1990, writ denied). We, as an appellate court, may not
substitute our judgment for that of the trial court. Forscan, 789 S.W.2d at 394. As stated
previously, since there were no findings of fact or conclusions of law filed, the judgment of the
trial court implies that all necessary findings exist to support it. Lemons v. EMW Mfg. Co., 747
S.W.2d 372, 373 (Tex. 1988).

 Applying these rules to this case, it is apparent that the trial court did not accept
Mr. Spiller's testimony as overcoming the presumption of community liability. The trial court
impliedly found that the note from Junction National Bank was secured by the credit of the
community estate, and, thus, the apartment house purchased with the proceeds of that note is
community property.

 Mr. Spiller makes the alternative argument that at least $26,600 of the purchase
price was made with his separate property because it was from a check drawn on "his separate
account." Mr. Spiller places great weight on the fact that the trial court awarded the amount in
the account at the time of the divorce to him as his separate property. Unfortunately, this award
does nothing to show that the amount in the account on April 15, 1985, was Mr. Spiller's separate
property. On the contrary, it is quite apparent from our review of the record that at least $34,000
of the amount in that account consisted of the proceeds of the note that the trial court impliedly
found to be a community liability. We cannot say in the absence of findings of fact or conclusions
of law that there is no evidence to support an award of the apartment house to Ms. Spiller under
any legal theory. We therefore overrule Mr. Spiller's points of error five through seven.



Unequal Division of the Community Estate

 In his eighth and ninth points of error, Mr. Spiller argues that the unequal division
of the community estate was an abuse of discretion by the trial court. He alleges that the division
of the community assets was not just and right pursuant to section 3.63 of the Texas Family Code,
Tex. Fam. Code Ann. § 3.63 (West 1993), because the award resulted in a net liability to Mr.
Spiller of $33,230 and net assets to Ms. Spiller totaling $153,080.

 Section 3.63 of the Family Code provides, in pertinent part, "[i]n a decree of
divorce or annulment the court shall order a division of the estate of the parties in a manner that
the court deems just and right, having due regard for the rights of each party and any children of
the marriage." Tex. Fam. Code Ann. § 3.63(a) (West 1993). The trial court may order an
unequal division of the marital estate upon a reasonable basis. McKibbon v. McKibbon, 567
S.W.2d 538, 539 (Tex. Civ. App.--San Antonio 1978, no writ); Keene v. Keene, 445 S.W.2d
624, 626 (Tex. Civ. App.--Dallas 1969, writ dism'd). In ordering an unequal division, the court
may take into consideration several factors:



the spouses' capacities and abilities, benefits which the party not at fault would
have derived from continuation of the marriage, business opportunities, education,
relative physical conditions, relative financial condition and obligations, disparity
of ages, size of separate estates, . . . the nature of the property, [and] . . .

the disparity in earning capacities or of incomes.



Murff v. Murff, 615 S.W.2d 696, 699 (Tex. 1981).

 The division of the marital estate rests in the broad discretion of the trial court and
will be revised on appeal only upon a showing of abuse of discretion. Id. at 698. An appellate
court should indulge every reasonable presumption favoring the proper exercise of discretion by
the trial court in its division of the community estate. Massey v. Massey, 807 S.W.2d 391, 398
(Tex. App.--Houston [1st Dist.] 1991, no writ). The trial court's division must be shown to be
arbitrary and unreasonable to demonstrate an abuse of discretion. Id. at 405-06.

 The trial court set aside to Mr. Spiller a sizeable separate estate, while the court
did not recognize any property as Ms. Spiller's separate property. The disparity in the size of
separate estates is a factor that the trial court may consider in determining the division of
community property. See Murff, 615 S.W.2d at 699. Furthermore, Ms. Spiller was awarded two
defunct businesses, while Mr. Spiller was awarded two potentially lucrative businesses. Business
opportunities are another factor the trial court may consider in ordering a just and right division
of the community estate. Id. As there are no factual findings or legal conclusions, we cannot
conclude that the trial court's decision was so arbitrary and unreasonable as to constitute an abuse
of discretion. Accordingly, we overrule Mr. Spiller's eighth and ninth points of error.



Appointment of Auditor and Admission of the Auditor's Report

 In his tenth point of error, Mr. Spiller argues that the trial court erred in appointing
the auditor and in admitting her report. During the divorce proceeding, Ms. Spiller requested that
the trial court appoint an auditor. The trial court appointed an out-of-work bookkeeper to perform
an audit of the couple's finances. When the auditor's report was filed, Mr. Spiller excepted to
it on the following bases: (1) that the bookkeeper had previously been a client of Ms. Spiller's
attorney; (2) that she took all of her instructions from Ms. Spiller's attorney; (3) that the auditor
had admitted in a deposition that she had not performed an audit of the Spillers' estates and that
her report filed with the court was not an audit report; and (4) that the timing of the filing of the
report did not provide Mr. Spiller sufficient opportunity to challenge it. Mr. Spiller urged these
same objections when the report was offered into evidence at trial. The trial court overruled these
objections and admitted all but one page of the report into evidence.

 Rule 172 of the Texas Rules of Civil Procedure governs the appointment of auditors
and provides, in pertinent part:



When an investigation of accounts or examination of vouchers appears necessary
for the purpose of justice between the parties to any suit, the court shall appoint an
auditor or auditors to state the accounts between the parties and to make report
thereof to the court as soon as possible.



The decision whether to appoint an auditor falls within the discretion of the trial court and is
corrected on a showing of gross abuse. Padon v. Padon, 670 S.W.2d 354, 360 (Tex. App.--San
Antonio 1984, no writ). Because significant amounts of property were involved in this case, we
decline to conclude that the decision to appoint an auditor constituted an abuse of discretion.

 To be entitled to a reversal of the judgment based on the admission of evidence,
Mr. Spiller must demonstrate that the trial court abused its discretion in admitting the auditor's
report. A decision which rests within the sound discretion of the trial court will not be reversed
absent a showing that the court abused its discretion. Espinoza v. Victoria Bank & Trust Co., 572
S.W.2d 816, 828 (Tex. Civ. App.--Corpus Christi 1978, writ ref'd n.r.e.). An abuse of discretion
implies more than an error in judgment; the trial court's decision must be arbitrary or
unreasonable. Landry v. Traveler's Ins. Co., 458 S.W.2d 649, 651 (Tex. 1970). A trial court's
actions are unreasonable only if the court acted without reference to any guiding rules and
principals. Morrow v. H.E.B., Inc., 714 S.W.2d 297, 298 (Tex. 1986). Further, the appellate
court must review the evidence in the light most favorable to the action of the trial court. Parks
v. U.S. Home Corp., 652 S.W.2d 479, 485 (Tex. App.--Houston [1st Dist.] 1983, writ dism'd); 
Stout v. Christian, 593 S.W.2d 146, 151 (Tex. App.--Austin 1980, no writ). As long as there is
some evidence supporting the trial court, its decision is justified. Stout, 593 S.W.2d at 151. The
appellate court cannot substitute its judgment for that of the trial court as long as the trial court
did not abuse its discretion. Landry, 458 S.W.2d at 651.

 We note that the trial was conducted before the court. Without findings of fact and
conclusions of law, we cannot resolve how much weight, if any, the trial court accorded the
auditor's report. Therefore, even assuming that the report was improperly admitted, because the
report constituted at most cumulative testimony, we conclude that no harmful error is shown by
the admission of the auditor's report. We overrule Mr. Spiller's tenth point of error.



Award of Attorney's and Auditor's Fees 

 Mr. Spiller contends, in his eleventh point of error, that the trial court abused its
discretion in awarding attorney's fees and auditor's fees. Mr. Spiller concedes in his brief that
he is entitled to a reversal of these awards only if the community property decision is reversed. 
See Chiles v. Chiles, 779 S.W.2d 127, 129 (Tex. App.--Houston [14th Dist.] 1989, writ denied). 
Because we conclude that the community estate was properly divided, we hold that the award of
attorney's fees and auditor's fees was proper. Accordingly, we overrule Mr. Spiller's eleventh
point of error.




CONCLUSION


 The district court's corrected decree of divorce is modified to reflect that Ms.
Spiller is only entitled to one-half of the interest money payable on Mr. Spiller's claim against his
father's estate that accrued during marriage. The trial court's decree is affirmed as modified.



 

 Mack Kidd, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Modified and, as Modified, Affirmed

Filed: June 2, 1993

[Do Not Publish]
1.   Mr. Spiller testified that the purchase price of the apartment house was about $47,000
or $47,500. The proceeds of the note applied to this purchase price were $26,600 plus $2,500
earnest money. It is unclear from his testimony from where the remainder of the purchase
money came. He refers at one point to "having to buy" the apartment house to recover
money he had previously advanced to David Buster. Perhaps the amount of the purchase
price missing was the amount of the advance. Elsewhere in the record, Mr. Spiller seems
to suggest that the property was paid for entirely with money from separate property CDs,
but he might have been confused and referring to the CDs that he alleges secured and
ultimately paid off the note from Junction National Bank.
2.   The metes and bounds description from the deed was written on the check in the memo
section.
3.   In cases where the unnamed spouse is involved in the transfer, it is presumed that that
spouse has made a gift of their half of the property to the other spouse. In that
circumstance, the unnamed spouse cannot introduce extrinsic evidence to prove the falsity
of the recitals in the deed without first showing fraud, accident, or mistake in the insertion
of the recitals into the deed. Henry S. Miller Co., 452 S.W.2d at 431. However, the rule is
different in cases where the unnamed spouse had no part in, or knowledge of, the transaction. 
In that circumstance, the unnamed spouse is free to use whatever evidence is available to show
that the recital in the deed is false and that the property is truly community in nature. Hodge, 277
S.W.2d at 905.